**Frank P. DOMERACKI, Appellant,**

v.

**GULF OIL CORPORATION.**

No. 14783.

United States Court of Appeals
Third Circuit.

Argued Oct. 20, 1964.

Decided March 4, 1965.

Sidney J. Smolinsky, Dorfman, Pechner, Sacks & Dorfman, Philadelphia, Pa., for appellant.

Timothy J. Mahoney, Krusen, Evans & Byrne, Philadelphia, Pa., for appellee.

Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

On two occasions early in the summer of 1958, while serving as a member of the crew of the respondent's ship, the libellant Domeracki fell from his bunk. The consequent injuries necessitated a period of recuperation ashore. On September 25, 1958, having obtained a certificate of fitness for duty, the libellant shipped out again. Between September 25, 1958 and January 20, 1960 he served on five different ships and claimed to

have sustained some injury or disability on each of them. Since then he has not been employed as a seaman although, from time to time, he has worked ashore in other capacities.

The present litigation began with a libel based on the 1958 injury, demanding maintenance and cure from July 12, 1958 to September 25, 1958 and from January 21, 1960 until the date of trial. In its opinion and dispositive order, filed June 29, 1962, the district court granted maintenance and cure as prayed for the 1958 period of disability, but denied any relief for the period from June 21, 1960 until the date of trial. In connection with the latter period, the court noted the intervening mishaps and then said merely that "without indulging in any elaboration, it seems to me that libelant is not entitled to recover for the disability in the second, remote period from January 21, 1960" until trial. However, the court gave other relief which had not been demanded in the libel by including in its decree a requirement that the respondent provide libellant with psychiatric treatment for a period of six months. The stated purpose of this award for a specified short period after judgment [1] was to provide for the possible correction or amelioration of a "personality disorder" which, according to certain evidence, had been disclosed by the libellant's behavior since the injury in suit.

Neither party appealed from this decree. The libellant obtained and the respondent paid for outpatient treatment by a private psychiatrist over a period of three months, at the expiration of which the psychiatrist discharged the libellant as fit to return to duty as a seaman.

■ Thereafter, controversy arose between the parties whether respondent was obligated to pay maintenance for the period during which the libellant was undergoing psychotherapy. With this matter in dispute, the respondent sought to have the judgment of June 29, 1962 marked "satisfied", and the plaintiff filed a post judgment petition in the original suit seeking an order for maintenance during the period of psychotherapy. These petitions were argued separately and separate orders were entered, one directing the Clerk to mark the June 29 judgment "satisfied" and the other denying the petition for further maintenance. It is from the latter order that this appeal has been taken.

In denying the post judgment petition for additional maintenance, the court below made no findings and filed no memorandum of its views. The court's dispositive action was merely an order stating "the libellant's petition for further maintenance is denied". Therefore, we do not know upon what facts or what legal principles this decision turned.

On this appeal, the parties have suggested various theories for either sustaining or reversing the order of the district court. These suggestions of possible bases of decision are necessarily speculative, and we therefore decline to reach the debatable questions they raise. Some discussion of these suggestions, however, seems warranted to illustrate the need for an elaboration of the district court's holding.

■ The libellant has argued that as a matter of law such an award of post judgment outpatient medical treatment as was made here entitles the seaman to maintenance during this period of curative ministration. On the incomplete record now before us, we are not prepared to go that far. It is true that the general right to "maintenance and cure" ordinarily requires concurrent allowances for support and curative medical treatment. As one recent text has put it: "The period of time for which * * * [an injured seaman] may have maintenance is presumably the same period for which he is entitled to medical expenses: until he has recovered or until the maximum cure has been achieved". Gilmore

1. Cf. Calmar S.S. Corp. v. Taylor, 1938, 303 U.S. 525, 531–532, 58 S.Ct. 651, 82 L.Ed. 993, noted with approval in Salem

v. United States Lines Co., 1962, 370 U.S. 31, 38, 82 S.Ct. 1119, 8 L.Ed.2d 313.

& Black, Admiralty, 1957, 267–68. Of course the unchallenged allowance for post judgment psychiatric treatment in this case necessarily implied that the libellant had not yet achieved maximum cure.

██ But this is not the end of the matter. Certainly no allowance should be provided for maintenance where the seaman's maintenance while undergoing treatment has been provided without cost to him. Calmar S.S. Corp. v. Taylor, supra at 531, 58 S.Ct. 651; Johnson v. United States, 1948, 333 U.S. 46, 50, 68 S.Ct. 391, 92 L.Ed. 468. We do not know whether this rule would apply in the present case. Moreover, on occasion earnings ashore during a period of curative treatment have been set off against the amount otherwise recoverable for maintenance. Wilson v. United States, 2d Cir. 1956, 229 F.2d 277; Perez v. Suwanee S.S. Co., 2d Cir. 1956, 239 F.2d 180; but cf. Yates v. Dann, 3d Cir. 1955, 223 F.2d 64. Recently, however, the Supreme Court has at least limited that possibility strictly. Vaughan v. Atkinson, 1962, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88. Are facts present here to distinguish this case from *Vaughan?* We do not know whether the libellant's unstable emotional state affected his employability or, conversely, whether work would have affected his emotional state, for better or worse, to any significant degree. We do not even know what gainful employment the libellant could or did perform while undergoing psychiatric treatment. Without a full factual background, we will not undertake to apply Vaughan v. Atkinson, supra, to this case.

The respondent has suggested at argument that the denial of the petition for supplementary maintenance may reflect judgment either that the issue of maintenance while undergoing psychiatric treatment had become res judicata by force of the decree of June 29, 1962, or alternatively, that the issue was raised so tardily as to require a separate suit. Each of these speculative theories presents a doubtful question of law, upon which an appellate court should not pass without some indication that the decision below turned on it. For present purposes, these suggestions merely serve to emphasize the need for explication of the legal, as well as factual groundings of the contested decision.

These considerations have led us to the conclusion that this case should be returned to the district court for findings and conclusions under admiralty Rule 46½ which will make clear the factual and legal bases of decision. It will be within the discretion of the district court to receive additional evidence on any relevant matter that may require illumination.

The judgment will be vacated and the cause remanded for further proceedings consistent with this opinion.