**Benson Brown ARMSTRONG, a Minor, by his father and next friend, Billy D. Armstrong, Appellant,**

**v.**

**Jesse JONES and Reading and Bates, Inc., Appellees.**

**No. 23552.**

United States Court of Appeals
Fifth Circuit.

April 19, 1967.

R. O. Arrington, Jr., Hazlehurst, Miss., W. F. Goodman, Jr., Jackson, Miss., for appellant. Arrington & Arrington, Hazlehurst, Miss., Watkins & Eager, Jackson, Miss., of counsel.

Cary E. Bufkin, Jackson, Miss., for appellees. Satterfield, Shell, Williams & Buford, Jackson, Miss., of counsel.

Before RIVES, COLEMAN and GOD-BOLD, Circuit Judges.

PER CURIAM:

The sole contention on appeal is that the district court erred in refusing to grant the plaintiff a new trial following an adverse jury verdict. The district judge carefully detailed his reasons concluding as follows:

"It is the considered judgment of this Court that this verdict of the jury is supported by substantial evidence and is not contrary to the overwhelming weight of the evidence, or contrary to physical facts. This child was injured by this vehicle. This jury has said that this accident was not any part of the fault of these defendants. This Court is unable to say that such verdict is not supported by substantial evidence as it was. The motorist immediately behind defendant's vehicle saw the accident and his version of the facts completely exonerated defendants from any responsibility therefor and the jury had the right to believe what he said."

It is within the discretion of the district court to set aside a jury verdict and grant a new trial "to nullify a seriously erroneous result and to prevent a miscarriage of justice." Whiteman v. Pitrie, 5th Cir. 1955, 220 F.2d 914, 919; Marsh v. Illinois Central R. Co., 5th Cir. 1949, 175 F.2d 498, 500. In recognition of the better opportunity of the district court to decide such questions, an appellate court may reverse its judgment only for an abuse of discretion. Whiteman v. Pitrie, supra, 220 F.2d at 918. The responsibility of the district court in ruling on a motion for new trial is truly awesome.

We have carefully reviewed the evidence and the exhibits and think that the district court acted well within the limits of its discretion. The judgment is therefore

Affirmed.