**Wilson M. PRICE, Plaintiff-Appellee,**

v.

**John MOSLER, Defendant-Appellant.**

**No. 72–3358.**

United States Court of Appeals,
Fifth Circuit.

Aug. 10, 1973.

Richard F. Ralph, Miami, Fla., for defendant-appellant.

Martin Roth, S. Eldridge Sampliner, Arthur Roth, Miami, Fla., for plaintiff-appellee.

Before GOLDBERG, CLARK and RONEY, Circuit Judges.

PER CURIAM:

This is an appeal from an award of damages and maintenance and cure under the general maritime law. Having considered each element of defendant-appellant's broad based attack on the judgment of the district court, we affirm.

On May 10, 1971, plaintiff-appellee, Wilson M. Price, was hired by defendant-appellant, John Mosler, to captain defendant's yacht, SKIP JOHN III, on a voyage from Miami to New York. On May 12, 1971, plaintiff examined the yacht's engine room and power plant in preparation for the trip to New York,

and discovered that the yacht's two banks of batteries needed restoring. One of the banks was located in a low and narrow passageway between the engines and the generator and was best reached by crawling or by walking bent over at the waist. After making three tiring trips between the battery bank and the water supply, plaintiff attempted to grab the top of the engine for aid in turning around. As he reached up to do so, he slipped on some oil and grease and fell in a sitting position on a stringer,[1] causing the injury to his back that is the subject of this litigation.

On October 18, 1971, plaintiff commenced this action seeking: (1) damages under the Jones Act, 46 U.S.C. § 688, and the general maritime law; and (2) maintenance and cure under the general maritime law. Before trial, plaintiff withdrew the count that alleged defendant was negligent and elected to proceed solely on his claim that his injuries were caused by the vessel's unseaworthiness. Plaintiff's unseaworthiness claim was tried to the jury, and his claim for maintenance and cure was simultaneously tried to the judge. Both the jury and the trial judge found in favor of plaintiff, awarding respectively $49,500.00 in damages, and $1,574.50 for maintenance and cure. On this appeal defendant contends that the district court erred in failing to grant a motion for new trial and in awarding an excessive amount of maintenance.

■ Defendant asserts that a new trial should have been granted because plaintiff responded falsely to interrogatories concerning a prior back injury. Without considering the willfulness of plaintiff's misstatements, we hold that defendant's contention is without merit. The jury was made aware of plaintiff's prior injury from several sources: plaintiff's hospital records and the testimony of an examining physician, both introduced by plaintiff; and the testimony of an agent of defendant concern-

ing a conversation that he had with plaintiff. Furthermore, when defendant discovered that plaintiff had previously experienced back trouble, he did not seek a continuance to investigate plaintiff's prior medical history. Rather, defendant chose as a matter of trial strategy to attempt to impeach plaintiff's credibility on the basis of his incomplete and inconsistent statements concerning his prior medical history. For these reasons, we hold that the district court did not abuse its discretion in refusing to order a new trial on this ground. *See* Armstrong v. Jones, 5 Cir. 1967, 376 F.2d 345, 346.

■ At trial defendant argued that plaintiff was contributorily negligent in neglecting to clean up the oil and grease that precipitated his fall. Defendant now contends that the jury's verdict was contrary to the weight of evidence on this point and that the district court erred in refusing to grant a new trial. Of course, neither contributory negligence nor assumption of risk is an absolute maritime defense; rather these defenses are applicable only in conjunction with the maritime rule of comparative fault. *See* Socony-Vacuum Oil Co. v. Smith, 1939, 305 U.S. 424, 431, 59 S.Ct. 262, 266, 83 L.Ed. 265, 270; Manning v. M/V Sea Road, 5 Cir. 1965, 358 F.2d 615, 617; Flowers v. Savannah Machine & Foundry Co., 5 Cir. 1962, 310 F.2d 135, 138. The jury was presented with all of the evidence concerning the events causing plaintiff's injury and the condition of defendant's yacht. The learned trial judge fully instructed the jury with regard to contributory negligence and the maritime rule of comparative fault, and the jury found in favor of plaintiff. In ruling on a motion for a new trial:

> "Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable."

---

1. A stringer is a longitudinal strengthening member which projects above the interior of the hull.

Tennant v. Peoria & Pekin Union Ry., 1944, 321 U.S. 29, 35, 64 S.Ct. 409, 88 L.Ed. 520, 525. "[T]he jury's verdict must be at least against the great weight of the evidence before a new trial may be granted. R. B. Co. v. Aetna Ins. Co., 299 F.2d 753, 758 (5th Cir. 1962); Marsh v. Illinois Cent. R. R., 175 F.2d 498, 500 (5th Cir. 1949)." Cities Service Oil Co. v. Launey, 5 Cir. 1968, 403 F.2d 537, 540. We hold that there was ample evidence to support the jury's verdict, and that the district court did not err in denying defendant's motion for a new trial.[2]

■ Lastly, defendant contends that the trial judge erred in awarding plaintiff maintenance from July 1, 1971 to December 20, 1971, and that the jury verdict was excessive as a matter of law. We find no merit to defendant's contention that plaintiff had abandoned treatment on September 21, 1971 and that the trial judge should have utilized that date in determining the maintenance award. The trial judge determined that plaintiff was entitled to maintenance until December 20, 1971, the last day prior to his achieving the maximum cure possible, and after considering the record before us, we hold that the trial judge was neither clearly erroneous in his fact findings nor mistaken in his application of the law. See Myles v. Quinn Menhaden Fisheries, Inc., 5 Cir. 1962, 302 F.2d 146, 150.[3] Moreover, the jury award was not excessive as a matter of law, see Ohio Casualty Ins. Co. v. Brown, 5 Cir. 1957, 241 F.2d 795, 796, and the district court did not err in denying defendant's motion for a new trial based on that ground. See City Service Oil Co. v. Launey, supra.

In ferreting factual disputations, our role, as an appellate court, is not that of a rigorous task master. The trial judge ably conducted the proceedings and sensing no disarray. in his rulings and findings, we affirm.

Affirmed.

2. Although defendant does not argue the point at great length, by citing Bruszewski v. Isthmian S. S. Co., 3 Cir. 1947, 163 F.2d 720, 722; Byars v. Moore-McCormack Lines, Inc., 2 Cir. 1946, 155 F.2d 587, 588, and De La Pena v. Moore-McCormack Lines, Inc., S.D.N.Y.1948, 84 F.Supp. 698, 699–700, he indicates that he is raising an argument in addition to contributory negligence. He apparently relies on the

".  .  . general rule in both negligence and unseaworthiness cases that when a person employed to repair a defect in a machine, structure, or other thing, suffers personal injuries while making such repairs, caused by the very defect he is employed to repair, he may not recover damages for such injuries from his employer."

Lettsome v. United States, 5 Cir., 1969, 411 F.2d 917, 922.

The general rule articulated in Lettsome is not applicable to the case before us. Plaintiff was hired to captain defendant's yacht, and in performing his duties he undertook some routine maintenance functions. The Lettsome rule is limited to those occasions where the party seeking damages has been specifically employed to repair the defect or condition which caused the injury for which he seeks relief. If defendant's position were to be adopted, no seaman employed to perform general shipboard duties could ever recover for injuries suffered as a result of the unseaworthiness of a vessel because the accident would be presumed to have been caused by his failure to correct the defect causing his injury. Moreover, the Lettsome rule generally has been applied only in those instances where an independent contractor has been hired to repair a specific shipboard defect. See e. g. Bruszewski v. Isthmian S. S. Co., supra; Byars v. Moore-McCormack Lines, Inc., supra; De La Pena v. Moore-McCormack Lines, Inc., supra; Armento v. United States, E.D.N.Y.1947, 74 F.Supp. 198.

3. For the same reasons, we reject plaintiff's assertion that the trial judge should have granted maintenance and cure for a greater length of time.