Rudolph BROWN, Plaintiff-Appellee,

v.

AGGIE & MILLIE, INCORPORATED, Defendant-Appellant.

No. 73–1975

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 16, 1973.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York. 5 Cir. 1970, 431 F.2d 409, Part I.

Winston E. Rice, James H. Roussel, New Orleans, La., George E. Duncan, Beaumont, Tex., for defendant-appellant.

Nathan A. Cormie, Lake Charles, La., for plaintiff-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

GOLDBERG, Circuit Judge:

In this admiralty case defendant shipowner appeals from the judgment of the United States District Court for the Western District of Louisiana granting plaintiff seaman $12,500 in damages and $8 a day maintenance and cure with interest on both awards from the date of judicial demand. Defendant alleges five points of error in the opinion and judgment of the district court. We find four of these contentions to be entirely without merit and we remand on the fifth point only for the correction of an inadvertent omission in the judgment below.

Plaintiff, a 51 year old seaman of considerable experience, was employed by defendant in Louisiana as a purse boat engineer in the menhaden fishing trade. On September 30, 1969, plaintiff was injured in a fall following the collision of the mate's purse boat, on which he was serving, with the purse boat of the captain. The district court held, in findings not challenged here, that the collision occurred while plaintiff was a working member of defendant's crew and that plaintiff "was in no way negligent in causing the collision and fall." The court awarded a lump sum in damages plus $8 a day for maintenance and cure from September 30, 1969 through October 29, 1970. Defendant contends that the district court erred (1) in as-

sessing the quantum of plaintiff's injury; (2) in finding that plaintiff's headaches resulted from the collision; (3) in awarding prejudgment interest; (4) in extending the maintenance period for some nine months after plaintiff was found fit for duty; and (5) in awarding maintenance and cure for days that plaintiff spent in a public hospital.

Defendant's arguments that the able trial judge incorrectly determined both the proper monetary evaluation of plaintiff's injuries and the relation of his recurring headaches to the original fall can be quickly dispatched. As an appellate court we do not sit to retry disputes on their facts. Whether the litigation is an ordinary civil action governed by the provisions of Rule 52(a) or like the present case, a cause tried to the district court in admiralty, "the Court of Appeals may not set aside the judgment below unless it is clearly erroneous." McAllister v. United States, 1954, 348 U.S. 19, 20, 75 S.Ct. 6, 8, 99 L.Ed. 20. Under this standard of review "[t]he question is not simply whether the reviewing court would have found otherwise but whether the trial court could permissably find as it did." Movible Offshore, Inc. v. M/V Wilken I. Falgout, 5 Cir. 1973, 471 F.2d 268.

The district court had before it relevant and competent evidence supporting its conclusions and judgment on both the physical and fiscal extent of plaintiff's suffering. This Court is therefore precluded from substituting its own assessment of the disputed facts for the considered judgment of the trial judge who heard all of the testimony and observed the demeanor of the witnesses.

Likewise, in its third contention of error—that the district court incorrectly ordered the levy of prejudgment interest—defendant calls upon this appellate tribunal to invade the proper sphere of the trial judge. The undisputed rule in this Circuit holds that the decision on whether to award prejudgment interest in admiralty cases is well within

the sound discretion of the trial court. Doucet v. Wheless Drilling Co., 5 Cir. 1972, 467 F.2d 336; Chagois v. Lykes Bros. Steamship Co., 5 Cir. 1970, 432 F.2d 388; Canova v. Travelers Insurance Company, 5 Cir. 1969, 406 F.2d 410. Consequently, any reversal here must be based on a finding that the action below went so strongly against the equities as to constitute an abuse of discretion. In the instant case we find that the district court has properly exercised its discretion. The delay in the adjudication of the case from the time of judicial demand did not result from the kind of unscrupulous or negligent stalling on plaintiff's part that would make the assessment of interest manifestly unfair to defendant.

■■ Defendant next argues that no maintenance payments are justified for any time after March 11, 1970, because plaintiff was pronounced physically "fit for duty" by a physician at the United States Public Health Hospital in Galveston, Texas on that date. This contention, however, is based on a fundamental misconception of federal maritime law. Plaintiff sued under the Jones Act, 46 U.S.C. § 688, seeking not only damages, but also maintenance and cure. Under these latter conjunctive remedies, a seaman who becomes sick or injured while in the ship's service is entitled to be reimbursed for both his medical and usual living expenses during the time that he is undergoing treatment. Calmar S. S. Corp. v. Taylor, 1938, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993. The cut-off date for both maintenance and cure is not the point at which the patient recovers sufficiently to take up his old employment; but rather, the time of maximum possible cure. Farrell v. United States, 1949, 336 U.S. 511, 69 S.Ct. 707, 93 L.Ed. 850; Price v. Mosler, 5 Cir., 1973, 483 F.2d 275; Myles v. Quinn Menhaden Fisheries Inc., 5 Cir., 1962, 302 F.2d 146; Reardon v. California Tanker Company, 2 Cir., 1958, 260 F.2d 369.

■ Federal maritime law does not require an injured seaman to forfeit payments of either maintenance or cure if there remains a reasonable possibility that further treatment will aid in restoring him to his pre-accident condition. The fact that plaintiff's physical condition had improved enough to permit a return to work did not prevent the district court from believing, on the basis of the competent evidence before it, that further recovery was possible provided plaintiff received adequate medical attention.

■ Because an award of maintenance and cure is intended to compensate the injured seaman for monies necessarily spent for ordinary support and medical expenses during the course of treatment, it is essential for such recovery that plaintiff actually incur these expenses. When the plaintiff refuses treatment, is cared for through independent largesse, or, as in the instant case, avails himself of a public facility, the law clearly requires that no maintenance and cure be given for the days voluntarily spent without care or under public or private charity. Johnson v. United States, 1948, 333 U.S. 46, 68 S.Ct. 391, 92 L.Ed. 468; Field v. Waterman SS Corporation, 5 Cir., 1939, 104 F.2d 849. The able trial judge unquestionably appreciated this legal restriction, for his findings and conclusions explicitly require payments for "September 30, 1969 through October 29, 1970, *save and except for those periods of time during which plaintiff was hospitalized*" [emphasis added].

■ Defendant's fifth objection however, is addressed not to the opinion of the court below, but rather to the final judgment. It appears that in preparing the decree the trial judge inadvertently omitted the provision of his original order excluding maintenance and cure for those days spent in government hospitals. We therefore remand on this point only in order that the able trial judge might bring his final order into conformity with the findings of fact and conclusions of law.

Affirmed in part, remanded in part.