David Lorenzo OSWALT, Plaintiff-Appellant,

v.

WILLIAMSON TOWING COMPANY, INC., Defendant-Appellee.

No. 73-2841
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 11, 1974.

---

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

Don O. Gleason, Douglas Abraham, Claude H. Powell, Greenville, Miss., for plaintiff-appellant.

J. Murray Akers, Greenville, Miss., for defendant-appellee.

Before THORNBERRY, GOLDBERG, and RONEY, Circuit Judges.

GOLDBERG, Circuit Judge:

In this admiralty action plaintiff seaman appeals from the order of the United States District Court for the Northern District of Mississippi, 357 F.Supp. 304 denying all recovery for injuries allegedly sustained as a result of defendant's negligence and the unseaworthiness of its vessel, and finding that plaintiff has forfeited his right to maintenance and cure. We affirm the judgment of the court below in assessing no damages, but we reverse and remand this case to the district court for entry of an award of maintenance and cure under the general maritime law.

■ Plaintiff, while employed as a deckhand in the service of defendant's towboat, the M/V GREENVILLE, was injured in the early morning hours of May 27, 1971, when he slipped on a pipe and fell in the process of uncoupling barges. The uncoupling was necessary in order to enable the GREENVILLE's twelve barge flotilla to clear certain locks on the Mississippi River. Plaintiff asserts that the fall resulted (1) from the absence of adequate lighting of the work area and (2) from defendant's failure to police the barge deck for pipes and other stray objects and secure them in storage areas. The able district judge found, in regard to plaintiff's contention of inadequate lighting, that "[t]he clear weight of credible evidence indicates that at the time of plaintiff's injury his work area was brightly illuminated by mercury vapor floodlights. . . . ." This conclusion is subject to appellate scrutiny under the clearly erroneous standard, McAllister v. United States, 1954, 348 U.S. 19, 20, 75 S.Ct. 6, 99 L.Ed. 20 and can therefore be disturbed only on a finding that the trial court could not "permissably find as it did." Movible Offshore, Inc. v. M/V Wilken A. Falgout, 5 Cir. 1973, 471 F.2d 268. In this case there is sufficient evidence of adequate lighting to sustain the judgment.

■ Plaintiff's argument that a pipe was negligently permitted to remain on the barge deck is likewise refuted by the explicit holding below that plaintiff's own thoughtlessness in either placing the pipe on the deck or acting in disregard of its presence was the sole proximate cause of his injury. Since the legal conclusion as to proximate cause is based on properly supported findings of fact, there is no warrant for this Court to create a liability in negligence.

■ The right of a seaman who becomes sick or injured while in the service of his ship to receive payments for maintenance and cure is entirely unrelated to any fault or negligence on the part of the shipowner. Aguilar v. Standard Oil Company, 1943, 318 U.S. 724, 730, 63 S.Ct. 930, 87 L.Ed. 1107. Such payments, designed to compensate the seaman for sums spent for support and medical expenses during the course of treatment, are predicated on the employment relationship itself, being annexed to the contractual arrangement by operation of law, Cortes v. Baltimore Insular Line, 1932, 287 U.S. 367, 371, 53 S.Ct. 173, 77 L.Ed. 368, and are held forfeit only under certain well-defined and narrowly limited circumstances. One such circumstance is the seaman's unreasonable refusal to accept medical care offered by his employer, see Brown v. Aggie & Millie, Inc., 5 Cir. 1973, 485 F.2d 1293; and in this case, the trial court rejected the claim for maintenance and cure after finding that plaintiff had refused defendant's offer of timely and adequate medical care on the basis of nothing more than an unfounded suspicion that it would prove inadequate. We reverse this denial, not out of a conviction that the able district judge erred in his findings of fact, but rather because under the peculiar situation in this case, the interests and principles protected by the rule of forfeiture would not be well served by its application.

■ A forfeiture for unreasonable refusal is called into play in one of two ways. First, the seaman may simply reject all timely medical attention or quit participation in a course of therapy al-

ready begun. In such a case, the right to maintenance and cure is forfeited because the purpose of the award can no longer be achieved. These conjunctive remedies do not operate as substitutes for damages; they are not general compensation, but rather are directed toward the specific objective of providing for the subsistence and medical expenses of a seaman until he has reached the point of maximum possible cure. Farrell v. United States, 1949, 336 U.S. 511, 69 S.Ct. 707, 93 L.Ed. 850; Price v. Mosler, 5 Cir. 1973, 483 F.2d 275. When, therefore, that point is either reached or the erstwhile patient voluntarily stops short of its attainment by refusing medical attention, the justification for the payments likewise ceases. Brown v. Aggie & Millie, Inc., *supra*. In this case plaintiff did not decline medical care, but rather engaged his own physician whose credentials and course of treatment were not challenged by defendant either in the court below or on appeal. Unquestionably payment of maintenance and cure here would comport with the underlying remedial objective.

The second ground for forfeiture arises from the fact that injured seamen who require extensive convalescence are ordinarily cared for at public health and marine hospitals. When these tax supported facilities are used the seaman incurs no expenses for subsistence or medical care during the recovery period. Consequently, he is entitled to no compensation from his employer for the non-existent expenditures. Brown v. Aggie & Millie, Inc., supra.; Field v. Waterman SS. Corporation, 5 Cir. 1939, 104 F.2d 849. The logical corollary to this general rule provides that a seaman who unreasonably refuses such free care cannot by his irrational action force the shipowner to bear the added cost of a private physician and recuperative facilities. Bailey v. City of New York, 2 Cir. 1946, 153 F.2d 427. However, the court below found that defendant Oswalt Towing does not engage in the practice of referring its injured employees to a government hospital. The undisputed testimony of defendant's secretary-treasurer revealed that no master's certificate for entry to a public health facility was tendered to plaintiff, as none had been tendered to fifty seamen injured before him. Nor does defendant employ a company doctor for the treatment of employees entitled to maintenance and cure. Defendant follows the rather unusual practice of sending its employees to private physicians in Greenville, Mississippi, its center of operations, on an ad hoc basis. The cost of doctors' bills and subsistence payments during the course of treatment are therefore a regular feature of defendant's business and would have been paid by defendant even had plaintiff accepted the original offer of care. Plaintiff's decision to seek treatment in Jackson, however unreasonable in light of the quality of care available in Greenville, did not necessarily result in expenditures that could have been avoided. Indeed, defendant would appear to have abandoned any claim of prejudice as a result of plaintiff's action by its stipulation that the medical and hospital expenses incurred were reasonable.

The shipowner seeks, in effect, to rest on the bare words of the rule, stripped of all justification in economic reality. Adherence to such a standard in the application of the law of maintenance and cure cannot be reconciled with the Supreme Court's admonition that they are among the most ancient and pervasive of all the liabilities imposed on a shipowner, Aguilar v. Standard Oil Co., supra, and that "ambiguities or doubts [in their application] . . . are resolved in favor of the seaman." Vaughan v. Atkinson, 1962, 369 U.S. 527, 532, 82 S.Ct. 997, 1000, 8 L.Ed.2d 88.

We remand this case to the district court, rather than simply rendering judgment in the amount stipulated, in order to permit the court below to determine whether the sum expended for care in Jackson, however reasonable, exceeded the cost of similar care which defendant

had tendered in Greenville. The rationale of our decision, indeed the rationale of all decisions on the effect of the seaman's refusal of care on the award of maintenance and cure, requires that plaintiff receive no more compensation than would have been necessary had he acquiesced in defendant's program.

Affirmed in part, reversed and remanded in part.