Calvin LIRETTE, Plaintiff-Appellee Cross-Appellant,

v.

K & B BOAT RENTALS, INC. and/or Fagan Enterprises, Inc., Defendants-Appellants Cross-Appellees.

No. 76–2093.

United States Court of Appeals, Fifth Circuit.

Sept. 11, 1978.

Donald V. Organ, New Orleans, La., for plaintiff-appellee cross-appellant.

Stanley J. Jacobs, Randy J. Ungar, New Orleans, La., for defendants-appellants cross-appellees.

---

Before INGRAHAM, GEE and TJO-FLAT, Circuit Judges.

GEE, Circuit Judge:

Calvin Lirette, a seaman in service on a crewboat operated by defendant K & B Boat Rentals, Inc. (K&B), suffered a back injury aboard. K&B commenced payment of maintenance and cure but terminated the payments after a physician reported that Lirette could attempt to return to his former work and Lirette refused to do so. This suit followed.

■ The court below granted summary judgment for Lirette on uncontradicted evidence clearly indicating that he had not reached maximum possible cure. This was plainly correct, since the cut-off point for maintenance and cure is not that at which the seaman recovers sufficiently to return to his old job but rather the time of maximum possible cure. *Brown v. Aggie & Miller, Inc.,* 485 F.2d 1293 (5th Cir. 1973), and cases cited there.

■ The court declined to grant summary judgment for damages and attorneys' fees to Lirette, finding that the record failed to show arbitrary or unreasonable conduct by K&B, the prerequisite for such awards. *Richard v. Bauer Dredging Co.,* 433 F.2d 954 (5th Cir. 1970).[1] Certainly there was evidence supporting the court's action in this regard, and we cannot disturb it.

■ K&B's sole complaint on this appeal is that the judgment below was an indefinite one, awarding maintenance from the time at which K&B stopped payments "until he has reached maximum cure." Citing cases which disapprove substantial lump-sum awards for future maintenance, K&B contends that successive suits for relief limited to time of trial or, at any rate, not extending forward in time beyond "the immediate future" are Lirette's exclusive remedy. *See, e. g., Calmar S. S. Corp. v. Taylor,* 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993 (1938). In *Calmar, supra,* the Supreme Court denied a seaman a lump-sum award for future maintenance, stating:

> The seaman's recovery must . . . be measured in each case by the reasonable cost of that maintenance and cure to which he is entitled at the time of trial, including, in the discretion of the court, such amounts as may be needful in the immediate future for the maintenance and cure of a kind and for a period which can be definitely ascertained.

303 U.S. at 531–32, 58 S.Ct. at 655. Because the district court here awarded maintenance "until such time" as plaintiff has reached maximum possible cure, the award is said to be for an unascertainable period and therefore prohibited by *Calmar.*

That argument, however, overlooks the premises on which the *Calmar* ruling was based. The Court advanced two reasons for its decision in *Calmar:*

(1) Awarding a lump sum to a sailor would not "safeguard him, in case of illness, against the consequences of his improvidence." 303 U.S. at 531, 58 S.Ct. at 654. The district court's order here does not tempt a sailor to become a spendthrift. Under the decree the employer owes the seaman no more than one day's maintenance at a time.

(2) Because the employer's duty "does not extend beyond the seaman's need," a lump sum award might overcompensate seamen, especially if their financial need were reduced by aid from the marine hospital service. 303 U.S. at 531, 58 S.Ct. at 654. Courts since *Calmar* have treated this principle largely as a matter of proof. For example, the Supreme Court reversed an order to pay future maintenance for three years when the plaintiff introduced no evidence to justify maintenance for that period. *Salem v. U. S. Lines Co.,* 370 U.S. 31, 82 S.Ct. 1119, 8 L.Ed.2d 313 (1962). When the award is supported by physician's testimony, however, courts have granted future maintenance, including: psychiatric treat-

---

1. We take such a finding on summary judgment to indicate, at a minimum, that a fact issue preventing summary disposition existed.

ments, *Domeracki v. Gulf Oil Corp.,* 342 F.2d 219 (3d Cir. 1965); maintenance for three months after trial, *Keiser v. American President Lines, Inc.,* 384 F.Supp. 554 (S.D.N.Y.1974); $1,000 for an operation and $8 per day for twelve weeks to recover, *Louviere v. Fidelity & Casualty Co.,* 210 F.Supp. 260 (W.D.La.1962). The principle that the employer's duty goes no further than the seaman's need does not prohibit the district court's order in this case. Under this order, once the plaintiff "has reached maximum possible cure," the defendant has no further duty to pay him.

A third course of reasoning, not advanced in *Calmar,* could also support a prohibition against remedies covering indefinite periods of time. Unless the order specifies a date at which its relief ends, the parties will not know when a new cause of action for maintenance begins. Accordingly, one court reversed a jury verdict awarding money for future maintenance but neglecting to state how long the recovery was intended to sustain the plaintiff. *Gomes v. Eastern Gas & Fuel Associates,* 132 F.Supp. 29 (D.Mass. 1955). That reasoning, however, does not bar the district court's order here. So long as the plaintiff accepts maintenance from the defendant he cannot sue; and when the defendant ceases payment the plaintiff's cause of action, if otherwise justified, accrues.

Finally, the defendant points out that *Calmar* and other decisions have carefully preserved the seaman's right to bring serial suits to collect maintenance payments as they come due. *Calmar S. S. Corp. v. Taylor,* 303 U.S. at 532, 58 S.Ct. 651; *Tol v. United States,* 166 F.2d 775 (9th Cir. 1948). The defendant suggests that remedy is exclusive. No language is shown, however,

which supports that interpretation, and the awards of limited future maintenance in the above cited cases refute it as an absolute proposition. In *Calmar* itself the Court was careful to distinguish prior precedent in which amounts had been granted for ascertainable future maintenance. 303 U.S. at 530–31, 58 S.Ct. 651. *See, e. g., The Mars,* 149 F. 729, 730 (3d Cir. 1907) (sum awarded "to finish a course of treatment interrupted by his discharge from the hospital.").

Having said so much, we note in closing that the court's judgment, in the aspect complained of, is harmless to K&B. It amounts to little if anything more than a declaration of defendant's undoubted duty to pay maintenance until Mr. Lirette attains maximum possible cure, a duty which existed independent of and regardless of the judgment. Whenever K&B reasonably concludes that such a time has come, it may terminate payments and stand suit, if suit should follow, with no more trepidation or potential liability than had the judgment been limited to some date "in the immediate future" which has by then arrived. Such a judgment as this in no wise alters the legal duties or relationships between Lirette and K&B existing after the date to which it determines payments are due. Doubtless this is an objection to the judgment, but it is scarcely one by which K&B can be offended.

AFFIRMED.