**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 99-30805

MNM BOATS, INC.,

Plaintiff-Appellee,

VERSUS

NEAL H. JOHNSON,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Louisiana
(97-CV-1892-S c/w 97-CV-3588-S)
January 22, 2001

Before DUHÉ and PARKER, Circuit Judges, and FOLSOM[1], District Judge.

PER CURIAM:[2]

Appellee MNM Boats, Inc. ("MNM") filed a declaratory judgment suit against its employee, Appellant Neal H. Johnson ("Johnson"), to resolve the question of its obligations to Johnson for payments of maintenance and cure. MNM provided maintenance and cure to Johnson after he was injured while working aboard a vessel that MNM

_____

[1]District Judge of the Eastern District of Texas, sitting by designation.

[2]Pursuant to 5TH Cir. Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. Rule 47.5.4.

operated.  Eventually, the company physician, Dr. Rutledge, and another doctor each determined that Johnson had no impairment and that he could  return to work.  Dr. Rutledge later discharged Johnson because Johnson failed to keep several appointments and follow the prescribed treatment, and MNM ceased making maintenance and cure payments. Thereafter, Johnson consulted his own physicians who made contradictory medical findings.  Based on the testimony of Johnson's doctors, the district court held that Johnson had not reached maximum medical improvement and was therefore entitled to past and future maintenance and cure, until such time as his treating physician determined that additional treatment would probably not improve his condition.  However, the court did not award Johnson compensatory damages and attorney's fees from MNM for the termination of and failure to reinstate the maintenance and cure payments, because it found that the termination was not unreasonable since there had been a genuine dispute among the physicians.  Johnson now appeals that ruling.

DISCUSSION

The maintenance and cure obligation is designed to provide a seaman who is injured while in the service of his ship with reimbursement for his medical and subsistence expenses until he reaches maximum medical improvement. Vaughn v. Atkinson, 369 U.S. 527, 531, 82 S. Ct. 997, 1000, 8 L. Ed. 2d 88 (1962); Morales v. Garijak, Inc., 829 F.2d 1355, 1358 (5th Cir. 1987), abrogated on other grounds by Guevara v. Maritime Overseas Corp., 59 F.3d 1496

2

(5th Cir. 1995). Upon receiving a claim for maintenance and cure, the employer is entitled to investigate and require corroboration of the claim before making payments. Morales, 829 F.2d at 1358. If the employer, after investigating the claim, refuses to pay without a reasonable defense, he becomes liable not only for maintenance and cure but also for compensatory damages. In addition, if the employer has exhibited callousness and indifference to the seaman's plight, he becomes liable for attorney's fees. Id.; Guevara, 59 F.3d at 1512. We have described the conduct giving rise to a claim for attorney's fees as "callous and recalcitrant," "arbitrary and capricious," and "willful, callous, and persistent." Holmes v. J. Ray McDermott & Co., Inc., 734 F.2d 1110, 1118 (5th Cir. 1984), overruled on other grounds by Guevara, 59 F.3d at 1512. When the seaman refuses treatment, the employer is not obligated to make payments for the days voluntarily spent without care. Brown v. Aggie & Millie, Inc., 485 F.2d 1293, 1296 (5th Cir. 1973).

We must review the district court's finding that an employer has not acted unreasonably or arbitrarily in terminating maintenance and cure only for clear error. Breese v. AWI, Inc., 823 F.2d 100, 103 (5th Cir. 1987). We find no clear error here. As the finder of fact, the trial court was entitled to weigh the evidence and the credibility of the physicians to determine whether MNM had a genuine reason to terminate the maintenance and cure payments. In its order and reasons for awarding maintenance and

3

cure, the trial court noted that although there was some question about whether Johnson could afford to pay for transportation to his missed appointments with Dr. Rutledge, Johnson clearly did not follow Dr. Rutledge's recommendations on exercise. The court also noted that after Johnson's own physician, Dr. Dyas, recommended he undergo surgery, Dr. Rutledge reexamined Johnson and confirmed that he still found no evidence of debilitating injury and that he believed that surgery would in fact worsen Johnson's condition. Later, the second doctor consulted by MNM reviewed Dr. Dyas's findings and agreed that surgery was not indicated. Nevertheless, as the trial judge observed in refusing to amend the judgment, MNM's claims representative continued to pursue Johnson's claim and to refer new medical information to MNM's physicians despite their opinions that there was no medical evidence to support Johnson's complaints.

Accordingly, we find no clear error in the district court's finding that MNM did not act unreasonably or egregiously. We have stated that a failure to pay maintenance and cure is reasonable if a diligent investigation indicates that the seaman's claim is not legitimate. Morales, 829 F.2d at 1360. The trial court, therefore, was perfectly entitled to find that MNM's conduct was reasonable, after taking account of MNM's ongoing investigation of Johnson's claims, the two physician's opinions that Johnson had no debilitating injury, and their opinion that surgery was not advisable. The court was entitled to make this finding even though

4

it ultimately concluded that Johnson had not reached maximum medical improvement. Further, Johnson has not identified any conduct on the part of MNM which would rise to the level of a callous disregard for his plight.

Moreover, we refuse to adopt the rule that necessarily follows from Johnson's position, which is that any time there is a dispute among physicians concerning the employee's condition, any termination of maintenance and cure by the employer is <u>per se</u> unreasonable or egregious. We acknowledge the rule that doubts about the employer's obligation to pay maintenance and cure should be resolved in favor of the seaman. <u>Vaughn</u>, 369 U.S. at 532, 82 S. Ct. at 1000. However, Johnson has cited no case holding that a dispute among physicians, without more, is an unreasonable or arbitrary basis for terminating maintenance and cure which triggers an obligation to pay compensatory damages and attorneys fees, and we have found none.

Johnson has also appealed the district court's denial of his motion to enforce payment of the judgment with respect to maintenance and cure which has accrued since the date of trial.[1] However, at oral argument, counsel for both parties confirmed that MNM has brought Johnson's maintenance and cure payments up to date.

---

[1]Although Johnson's notice of appeal designated the denial of his motion for reconsideration of the motion to enforce the judgment as the order appealed, that timely filed motion brought up the underlying order for review, and the appeal may be properly taken from the underlying order. <u>See</u> <u>Fletcher v. Apfel</u>, 210 F.3d 510, 512 (5th Cir. 2000).

Therefore, Johnson's appeal of the district court's ruling on this matter is moot.

CONCLUSION

Because we have found no clear error in the district court's decision denying Johnson compensatory damages and attorney's fees, we AFFIRM.  We also AFFIRM the district court's denial of Johnson's motion to enforce payment of judgment.  Johnson's motion to supplement the record, which was carried with the case, is DENIED. The medical information offered was not submitted to the district court and we cannot consider it.

AFFIRMED.