**Felix CANOVA, Appellant,**

**v.**

**The TRAVELERS INSURANCE COMPANY, Appellee.**

**No. 25946.**

United States Court of Appeals
Fifth Circuit.

Jan. 29, 1969.

Rehearing Denied March 28, 1969.

CHOATE, Senior District Judge:

█ The narrow question presented by this appeal is whether appellant, plaintiff below, is entitled to pre-judgment interest as of right after he obtained a jury verdict against the appellee, Travelers. The issue turns on whether Louisiana law or the General Maritime law should be applied. Under Louisiana law, interest is recoverable as a matter of right from the date of judicial demand.[1] If the Maritime law applies the matter of pre-judgment interest rests within the sound discretion of the trial court.[2] The District Judge determined that the General Maritime law was applicable and in the exercise of his discretion, declined to allow pre-judgment interest.[3] Appellant does not contend that the District Judge's discretion was improperly exercised, should it be determined that his choice of law ruling was correct.

The pertinent facts may be briefly stated. Appellant was working on a barge off the coast of Louisiana, in territorial waters, when a crane on the barge fell and injured him. He sued the owner and operator of the barge under the Jones Act, and in a separate action (the instant case), he sued Travelers, the insurer of the owner and operator of the crane, under Louisiana's direct action statute.[4] Jurisdiction of this latter claim was based on diversity of citizenship and trial by jury was demanded. The two suits were consolidated and tried before a jury upon special interrogatories. The jury returned a verdict against both defendants in the amount of $50,000.

█ Appellant contends that Travelers remained a "diversity defendant" throughout, notwithstanding the consolidation of the two cases, and that substantive state law must therefore be applied. We cannot agree.

Sam J. D'Amico, D'Amico & Curet, Baton Rouge, La., for appellant.

Robert B. Acomb, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for appellee.

Before GEWIN and GODBOLD, Circuit Judges, and CHOATE, Senior District Judge.

1. La.Rev.Stat. 13:4203.
2. See, Haynes v. Rederi A/S Aladdin, 362 F.2d 345, 351 (5 Cir. 1966), and National Marine Service, Inc. v. Talley, 348 F.2d 589 (5 Cir. 1965).
3. Interest was assessed from the date of judgment pursuant to 28 U.S.C. § 1961.
4. La.Rev.Stat. 22:655.

The record reflects that the entire trial of this case proceeded under the general principles of the Maritime law. As an example, the trial judge, in his charge to the jury, explained that the usual Louisiana rule regarding contributory negligence, as they might know it, did not apply but that appellant's contributory negligence, if any, would only serve to diminish his recovery in proportion to his negligence. Traveler's defense of contributory negligence as a complete bar was disregarded. Of course, these rulings were all to the benefit of the appellant. In these circumstances, it is clear that Travelers did not remain a "diversity defendant" throughout. On the contrary, it was subject to the less favorable principles of the Maritime law as fully as if the case had been instituted under the admiralty jurisdiction of the court.

In Newburgh Land & Dock Co. v. Texas Co., 227 F.2d 732 (2 Cir. 1955), it was held that state law does not control the date from which interest shall begin to run in a diversity case when the cause of action arose in the navigable waters of a state. Similarly, in Moore-McCormack Lines, Inc. v. Amirault, 202 F.2d 893 (1 Cir. 1953) a state statute providing for pre-judgment interest was not applied in a diversity case when the claim was based on a maritime tort. That case was tried under the General Maritime law and the court characterized the existence of diversity as a "fortuitous circumstance" [5] that did not compel the application of the state interest statute.

We find these principles to be applicable to the case at bar. The cause of action arose on navigable waters and the case was litigated under the Maritime law. The trial judge was therefore correct in looking to that same body of substantive law to determine the propriety of awarding interest before judgment.

Affirmed.

---

5. The instant suit was filed in 1961. We note, in passing, that had the 1964 amendment to 28 U.S.C. § 1332 been in effect, there would not have been diversity jurisdiction regarding Travelers. By that amendment, the citizenship of the actual tort-feasor must be taken into account in a direct action claim. In this case, both the plaintiff and the crane company, Traveler's insured, were Louisiana citizens.