**Jerry HAVIS, Plaintiff-Appellee,**

v.

**PETROLEUM HELICOPTERS, INC.,**
**Defendant-Appellant.**

No. 80–3786.

United States Court of Appeals,
Fifth Circuit.

Dec. 14, 1981.
As Amended on Denial of Rehearing
Feb. 5, 1982.

Vance E. Ellefson, New Orleans, La., for defendant-appellant.

Authement & Weeks, Grady C. Weeks, Houma, La., Adams & Reese, Robert E. Couhig, Jr., New Orleans, La., for plaintiff-appellee.

Before COLEMAN, REAVLEY and SAM D. JOHNSON, Circuit Judges.

COLEMAN, Circuit Judge.

The sole issue in this appeal is whether the District Court erred in awarding Jerry Havis pre-judgment interest at the rate of ten percent, whereas the appellant contends that the rate should have been seven percent. On this issue, we reverse and remand for the entry of an appropriate amendment to the judgment in question.

Havis was injured when a helicopter on which he was a passenger fell into the Gulf of Mexico. Alleging both diversity and maritime jurisdiction, he sued the helicopter operator for personal injuries and demanded a jury trial. The defendant challenged jurisdiction in diversity, which Havis resisted, and the challenge was overruled. The case was tried to a jury, which found in favor of Havis and assessed his damages at $800,000, with no mention of interest. Neither the plaintiff nor the defendant presented any evidence or requested any jury instructions concerning interest in the event the verdict went for the plaintiff. After the jury had returned its verdict and had been dismissed, the trial court entered judgment for interest at the rate of ten percent from the date of judicial demand, whereas, the statutory rate in Louisiana is seven percent. A motion to amend the judgment to the seven percent rate was denied.

So, what we have here is a diversity maritime case in which the plaintiff insisted on trial by jury. There was never a whisper that the jury was sitting in an advisory capacity and no issue of any kind was reserved to the Court by pretrial order or otherwise. There simply is not any doubt that all parties to the Havis litigation accepted and used the jury as the trier of fact, reserving nothing to the District Court, as sitting in admiralty.

■ We begin with the fundamental principle that an Admiralty Court "quite clearly has power to award pre-judgment interest where such is necessary to maintain whole the damages granted a claimant", *Haynes v. Rederi A/S Aladdin*, 362 F.2d 345 (5 Cir., 1966). It has been repeatedly held that the exercise of that power ordinarily rests within the sound discretion of the trial court, *Ibid* at 351; *Canova v. The Travelers Insurance Company*, 406 F.2d 410 (5 Cir., 1969); *National Marine Service, Inc. v. Talley*, 348 F.2d 589 (5 Cir., 1969). As *Rederi* points out, however, the basis for that discretion is the necessity for "maintaining whole the damages granted a claimant", which obviously is a factual issue.

The problem in the case now before us is that in submitting the case to the jury as the trier of fact, nobody said anything about pre-judgment interest. No evidence and no instructions were offered on the subject. Nothing about the rate of interest came up until after the jurors had been discharged, at which time the trial judge, not the jury, assessed the rate. Quoting a favorite phrase of the late Chief Judge Hutcheson, "This will not do".

■ We agree with the rationale set forth in a similar case by the First Circuit in *Robinson v. Pocahontas, Inc.*, 477 F.2d 1048, 1052, 1053 (1973). It was there held, after appropriate consideration of the precedents, that where a maritime cause of action is tried *solely* to a jury which has been demanded under the exercise of diversity jurisdiction the grant or denial of pre-judgment interest must be submitted to the jury.

Even so, under Louisiana law the plaintiff was entitled to interest from the date of judgment at the rate of seven percent. It was stipulated at oral argument that this interest has, in fact, been paid.

Therefore, that part of the judgment of the District Court which fixed the rate of

56

interest at ten percent is REVERSED and the case is REMANDED to enable the District Court to amend its judgment in conformity herewith.

IT IS SO ORDERED.