436 So.2d 1178 (1983)
John MORRIS, Plaintiff-Appellant,
v.
SCHLUMBERGER, LTD., et al., Defendants-Appellees.
No. 82-770.
Court of Appeal of Louisiana, Third Circuit.
May 5, 1983.
On Rehearing August 1, 1983.
On Rehearing September 6, 1983.
Writ Denied November 18, 1983.
McHale, Bufkin & Dees, Louis D. Bufkin and Michael K. Dees, Lake Charles, for plaintiff-appellant.
Deutsch, Kerrigan & Stiles, Bert M. Cass, Jr., New Orleans, Scofield, Bergstedt, Gerard, Mount & Vernon, Richard E. Gerard, Jones, Tete, Nolen, Hanchey, Swift & Spears, Gregory Massey and Hunter Lundy, Lake Charles, for defendants-appellees.
Before GUIDRY, STOKER and KNOLL, JJ.
STOKER, Judge.
This is an appeal relative to a claim brought in state court pursuant to the Jones Act and general maritime law. The jury awarded the plaintiff $150,000 and apportioned *1179 the fault causing plaintiff's injury on a percentage basis among three defendants. The jury found that Transworld Drilling Company (Transworld), plaintiff's employer, was fifty percent at fault, Phillips Petroleum Company (Phillips) was forty percent at fault, and Schlumberger, Ltd., was ten percent at fault. Before trial Schlumberger, Ltd., and Halliburton Company, both originally named as defendants, settled with the plaintiffs and were voluntarily dismissed. It is not clear from the record whether another defendant, Gilley & Associates, Inc., was dismissed, but the defendant was not mentioned in the verdict or the judgment. The trial court signed a judgment against Transworld and Phillips "in solido" for $135,000 ($150,000 less the ten percent attributable to Schlumberger, Ltd.).

APPEALS
The plaintiff appeals, asserting that the failure of the trial court to grant pre-judgment interest on the award was error. Transworld and Phillips answered the appeal urging that the trial court erred in granting legal interest from the date the jury rendered its verdict. They assert that the correct date from which to begin the accrual of legal interest is from the date judgment was signed. Transworld and Phillips also contend in their answer to the appeal that the trial court erred in casting those defendants liable "in solido" in that they were liable to plaintiff only in proportion to their respective degrees of fault.

PRE-JUDGMENT INTEREST
Plaintiff contends that in cases of claims under general maritime law the award of pre-judgment interest lies within the discretion of the judge, and that such interest should not be denied in the absence of some peculiar circumstance. However, in addition to asserting a claim under general maritime law and the doctrine of unseaworthiness against defendant Transworld, plaintiff's claim was also brought pursuant to the Jones Act. Against Phillips, the plaintiff asserted a claim for negligence under general maritime law.
Regarding the claim arising under the Jones Act, this court faced a similar question of law in Morris v. Transworld Drilling Co., 365 So.2d 46 (La.App. 3rd Cir. 1978). In that case this court found that the federal law as to interest on a Jones Act judgment is substantive and is therefore controlling and that, in a Jones Act case tried at law (rather than at admiralty), pre-judgment interest is not available. See cases cited therein. See also Rains v. Diamond M. Company, 396 So.2d 306 (La.App. 1981), writ denied 396 So.2d 623 (La.1981), United States cert. denied 455 U.S. 938, 102 S.Ct. 1427, 71 L.Ed.2d 648 (1982). This case differs from the cited cases in that this is not a pure Jones Act claim against Transworld. Plaintiff also sues under the doctrine of unseaworthiness and general maritime law. We conclude that pre-judgment interest cannot be awarded on the judgment against Transworld although it is joined with a general maritime law claim.
In Barton v. Zapata Offshore Company, 397 F.Supp. 778 (E.D.La., 1975), the court rejected the notion that an unseaworthiness claim when combined with a Jones Act claim retains its status as a claim "at law" and is therefore governed by normal admiralty principles which allow prejudgment interest to be awarded. At page 780 the court stated:
"The Supreme Court's opinion in Fitzgerald v. United States Lines Co., 1963, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720, does not warrant an interest award here. Plaintiff's counsel contends Fitzgerald did not say that an unseaworthiness claim becomes a claim "at law" when joined with a Jones Act claim and sent to a jury; therefore the unseaworthiness claim should be governed by normal admiralty principles, which allow prejudgment interest to be awarded.
"There might be merit to this analysis if either the jury had denied recovery under the Jones Act and found unseaworthiness, or if there were some element of admiralty damage not allowable under *1180 the Jones Act. But here the verdict found the employer liable under the Jones Act as well as the general maritime law; the elements and amounts of damage claimed were identical. If the court may not award prejudgment interest on the Jones Act claim, there is no separate "pure" admiralty item on which to allow interest. Furthermore, the reason given by the court in Moore-McCormack Lines, Inc. v. Richardson [295 F.2d 538 (2nd Cir. (1961)], supra, for denying a right to prejudgment interest in jury-tried Jones Act casesthat the jury considers the delay in making an awardwould apply with equal force to a jury-tried unseaworthiness claim. In sum, the plaintiff may not claim the benefits of a jury trial on an unseaworthiness claim completely merged with a Jones Act claim as to quantum and then attempt to unscramble the verdict after he prevails."
In the instant case, the verdict sheet returned by the jury does not indicate whether Transworld, the employer, was found liable under the Jones Act or general maritime law. The verdict merely finds Transworld "at fault". Plaintiff's petition does not apportion damages among the claims. Thus, there are no "pure" admiralty elements which allow an award of pre-judgment interest. The plaintiff is not entitled to pre-judgment interest as to the portion of the judgment representing Transworld's liability.
We also conclude that plaintiff may not be granted pre-judgment interest against Phillips because the parties failed to submit this question to the jury. Whether to grant pre-judgment interest is a question of fact, and if it is not reserved to the court and is not submitted to the jury, it may not be granted by the court. Havis v. Petroleum Helicopters, Inc., 664 F.2d 54 (5th Cir. 1981) and cases cited therein. Havis involved a diversity action brought pursuant to general maritime law only and tried to a jury. The issue of pre-judgment interest was never submitted to the jury nor reserved to the court even though the granting of pre-judgment interest is a factual issue. The purpose for allowing pre-judgment interest is "maintaining whole the damages granted a claimant". Havis v. Petroleum Helicopters, Inc., supra, at page 55.
As stated above, the granting of pre-judgment interest in these cases is a matter of federal substantive law. The purpose of the federal courts in allowing such interest is to compensate the claimant. The issue is one of fact and should have been presented to the jury for its consideration. The trial court did not err in refusing to grant pre-judgment interest.

LEGAL INTEREST
The trial judge signed the judgment on September 17, 1982, and granted legal interest from June 29, 1982, the date the jury rendered its verdict. If the trial judge intended to give pre-judgment interest he was in error, as discussed above. If the trial court intended to award interest from the date of judgment, the question becomes was the "date of judgment" the date the jury rendered its verdict or the date the judgment was signed?
Title 28 U.S.C. section 1961 provides as follows:
"Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at the rate allowed by State law." (Emphasis added).
This statute provides for interest to run from "entry of judgment". Under Louisiana Law, there is no statute which straight-forwardly decrees when post-judgment interest begins to run. However, several statutory provisions in Book II, Title VI, Chapter 3, "Rendition", of the Louisiana Code of Civil Procedure, indicate that the definitive point in time regarding the effectiveness of final judgments is the date that *1181 the judgment is signed by the trial judge. The statutory provisions are as follows:
"Art. 1911. Final judgments; signing; appeals
"Except as otherwise provided by law, every final judgment shall be signed by the judge. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled."
"Art. 1912. Final judgment; multi-parish districts, signing in any parish in the state
"A final judgment may be signed in any parish within the state and shall be sent to the clerk of the parish in which the case is pending."
* * * * * *
"Art. 1915. Partial judgment
"A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or interveners;
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969;
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969; or
(4) Renders judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
"If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjudicate the remaining issues in the case."
The date of the signing of the judgment is the date which begins the delays for the taking of appeals, and has been used by courts to determine the date from which prescription, execution, revival of judgments, and other rights arise. Carpenter v. Travelers Insurance Co., 402 So.2d 282 (La. App. 3rd Cir.1981), Adams v. Ross, 300 So.2d 192 (La.App. 1st Cir.1974), Broyles v. Broyles, 209 So.2d 60 (La.App. 1st Cir.1968), Sellers v. Continental Oil Co., 188 So.2d 466 (La.App. 3rd Cir.1966), Viator v. Heintz, 201 La. 884, 10 So.2d 690 (La.1942). Thus, even though the chapter is headed "Rendition" (which in common terminology would mean stating or declaring the judgment of the court and which may be said to be the equivalent of the rendering of the verdict by the jury) the date of the signing of the judgment is the date that triggers the variety of post-judgment actions that a party may take.
We conclude that the trial court erred in granting legal interest from the date of the jury verdict, and it should have granted legal interest from the date the judgment was signed.

SOLIDARY LIABILITY
Phillips and Transworld contend the court erred in casting them liable in solido and cite several cases to support the proposition that the federal law on the matter is substantive, controlling, and does not allow solidary liability.
In Leger v. Drilling Well Control, Inc., 592 F.2d 1246 (5th Cir.1979) the U.S. Fifth Circuit held the reasoning of the U.S. Supreme Court in United States v. Reliable Transfer Company, 421 U.S. 397, 95 S.Ct. 1708, 44 L.Ed.2d 251 (1975), which applied the doctrine of comparative negligence in a maritime collision case, to be equally applicable in a non-collision personal injury case. Leger went on to hold that a non-settling party would not be able to reduce the plaintiff's recovery by the value of the settlement. In Reed v. Pool Offshore Company, 521 F.Supp. 324, 326 (W.D.La.1981), the court mathematically applied the doctrine of comparative negligence to joint tort-feasors.
These cases and the others cited by defendants-appellants give examples of defendants being held liable for their proportionate percentages of fault. However, this does not mean a plaintiff may only recover *1182 from any defendant that defendant's proportionate liability amount.
As a general rule a judgment against two or more defendants decides nothing as to their rights or liabilities inter sese, but only their liability to plaintiff. 49 C.J.S. § 440c, page 872. While each wrongdoer may be primarily responsible for only its portion of the total amount of damages, if the plaintiff cannot recover from one of them, the other or others must respond for the full amount of damages. 2 C.J.S. § 280, page 407, American Independent Oil Company v. Alkaid, 289 F.Supp. 329 (S.D.N. Y.1967), Empire Seafoods, Inc. v. Anderson, 398 F.2d 204 (5th Cir.1968), cert. denied, 393 U.S. 983, 89 S.Ct. 449, 21 L.Ed.2d 444 and Doyle v. United States, 441 F.Supp. 701 (D.S.C., 1977).
Although referred to as having "joint and several liability" in the cases decided above, solidary obligors have essentially the same rights and obligations, including contribution, as the examples of those cases. See 34 La.Law Review 231, foot notes 12-15, and Civil Code articles cited therein.
In view of the foregoing, the trial court did not err in casting the defendants liable in solido.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed, except insofar as it provides for legal interest on the judgment from June 29, 1982. The judgment is hereby amended to provide for legal interest on the award from September 17, 1982. Costs are to be paid one-half by plaintiff and one-half by Transworld and Phillips.
AMENDED AND AFFIRMED AS AMENDED.

ON REHEARING
PER CURIAM.
We granted a rehearing in this case limited to the issue as to whether pre-judgment interest is allowable with respect to plaintiff's general maritime action against Phillips Petroleum Company. In our opinion on original hearing we held that pre-judgment interest was not allowable in this case on the basis of expressions in Havis v. Petroleum Helicopters, Inc., 664 F.2d 54 (5th Cir. 1981). We held that in this case pre-judgment interest, being a factual issue, could not be allowed because it was not submitted to the jury and was not reserved to the trial judge.
In his application for rehearing plaintiff, John Morris, asserts that the opinion in Havis as cited above is not the final holding in that case. Morris advised us that the United States Court of Appeals for the Fifth Circuit later corrected its opinion published as cited above (dated December 14, 1981 as amended on denial of rehearing on February 5, 1982) and allowed pre-judgment interest. We were further advised that the correcting opinion of the Fifth Circuit was designated as not to be published. With the application for rehearing plaintiff furnished us with a duplicated copy of what purports to be a correcting opinion dated September 13, 1982 which is stamped "DO NOT PUBLISH." The opinion appears to be certified, but we have not been furnished with a copy of the correcting opinion of December 13, 1982, with an original certification.
We do not trouble ourselves in this case as to what effect we should give to the unpublished opinion. Should we give it full credence, our original opinion would not be altered. We think the expressions of law in the original Havis opinion are valid, although we concede that the result reached in Havis, both in the published original opinion and supplemental unpublished opinion, should be reviewed for clarification with respect to our views and holding.
In this case before us we have held that pre-judgment interest could not be allowed as to Transworld Drilling Company because John Morris' action against that company was brought pursuant to the Jones Act as well as under the general maritime law and the doctrine of unseaworthiness. The action against Phillips was not laid under the Jones Act and was not governed by the law *1183 disallowing pre-judgment interest in Jones Act cases reviewed by us in our opinion on original hearing.
It seems to be clear enough that in admiralty matters other than Jones Act cases pre-judgment interest is allowable and usually is awarded. In the published Havis opinion the Fifth Circuit stated:
We begin with the fundamental principle that an Admiralty Court "quite clearly has power to award pre-judgment interest where such is necessary to maintain whole the damages granted a claimant", Haynes v. Rederi A/S Aladdin, 362 F.2d 345 (5 Cir., 1966). It has been repeatedly held that the exercise of that power ordinarily rests within the sound discretion of the trial court, Ibid at 351; Canova v. The Travelers Insurance Company, 406 F.2d 410 (5 Cir., 1969); National Marine Service, Inc. v. Talley, 348 F.2d 589 (5 Cir., 1969). As Rederi points out, however, the basis for that discretion is the necessity for "maintaining whole the damages granted a claimant", which obviously is a factual issue.
The problem in the case now before us is that in submitting the case to the jury as the trier of fact, nobody said anything about pre-judgment interest. No evidence and no instructions were offered on the subject. Nothing about the rate of interest came up until after the jurors had been discharged, at which time the trial judge, not the jury, assessed the rate. Quoting a favorite phrase of the late Chief Judge Hutcheson, "This will not do".
We agree with the rationale set forth in a similar case by the First Circuit in Robinson v. Pocahontas, Inc., 477 F.2d 1048, 1052, 1053 (1973). It was there held, after appropriate consideration of the precedents, that where a maritime cause of action is tried solely to a jury which has been demanded under the exercise of diversity jurisdiction the grant or denial of pre-judgment interest must be submitted to the jury."
Based on the exposition of law quoted from Havis above, we deem our holding on original hearing to be correct. In the case before us the issue of pre-judgment interest was not submitted to the jury and, sub silentio at least, the trial judge refused to grant it. Therefore, we adhere to our original opinion.
The import of the quoted language from Havis is that, although pre-judgment interest may be allowable in certain admiralty cases, the decision to do so or not is up to the juryunless the question is reserved to the court. Another panel of this court reached this same result based on Havis in Ellender v. Texaco, Inc., 425 So.2d 291 (La. App. 3rd Cir.1983).
On behalf of John Morris in this rehearing, appellant's brief focuses on such cases as Benoit v. Fireman's Fund Insurance Co., 361 So.2d 1332 (La.App. 3rd Cir.1978) which relied on Canova v. Travelers Insurance Company, 406 F.2d 410 (5th Cir.1969), writ denied 396 U.S. 832, 90 S.Ct. 88, 24 L.Ed.2d 84 (1969). We find nothing in those cases in conflict with the rule stated in Havis quoted above. Also we find nothing contrary to that rule in Brown v. Aggie & Millie, Inc., 485 F.2d 1293 (5th Cir.1973); Villaneuva Compania Naviera, S.A., 658 F.2d 103, 104 (3rd Cir.1981) or Hebert v. Diamond M. Co., 385 So.2d 410 (La.App. 1st Cir.1980).
In Benoit v. Fireman's Fund Insurance Co., supra, we said:
The final matter in this case deals with the award of interest on the judgment. The trial judge cast defendants for legal interest from the date of judicial demand. In the concluding remarks contained in their original and supplemental briefs, defendants maintain that interest should run from the date of the entry of the judgment. In maritime law, the time at which interest begins to run rests within the discretion of the trial court. Canova v. Travelers Insurance Company, 406 F.2d 410 (C.A.5th Cir.1969), writ denied 396 U.S. 832, 90 S.Ct. 88, 24 L.Ed.2d 84 (1969).
The precise point concerning the jury function discussed in Havis was not at issue in Benoit or any other case cited on behalf of plaintiff-appellant.
*1184 Under the subject of Admiralty in American Jurisprudence Second the following principle is stated: "The general rule in admiralty is that interest may be allowed as part of the damages, but there is no absolute right to interest, it being discretionary with the tribunal, whether judge or jury, that passes on the matter." 2 Am.Jur.2d, Admiralty, Section 213. We think that the expression quoted from Benoit above means that (in a proper case) the matter of prejudgment interest is within the discretion of the trier of fact and is not a judge function as distinguished from a jury function. As we shall show, it is a jury function.
We now turn to a discussion of Havis from the point of view of what it decreed. We do so simply in the interest of clarification based on what we appreciate to be a proper understanding of Havis. In this connection any expression by us in our opinion on original hearing concerning Havis contrary to what we now say is amended accordingly.
In the published opinion in Havis as amended February 5, 1982 (664 F.2d 54), the issue was not whether pre-judgment interest should be granted or whether the trial court was empowered to grant such interest. According to the opinion in Havis the trial court did award pre-judgment interest in a jury case. The complaint on appeal was not that the trial judge erred in awarding this interest, but rather that he fixed the rate at ten percent rather than seven percent, which appellant thought should be the proper rate. In making the award, the District Court's judgment specified that the interest should run from date of judicial demand. On appeal the Fifth Circuit in 664 F.2d 54 stated "under Louisiana law the plaintiff was entitled to interest from the date of judgment at the rate of seven percent." (Emphasis added.) It is reasonably clear that the Fifth Circuit's reference to "date of judgment" was inadvertent and should have read "date of judicial demand" as the District Court had provided. We are fortified in this view by the holding in what the appellant contends is the unpublished correcting opinion, previously referred to, by the Fifth Circuit, rendered September 13, 1982 which we attach as Appendix I to this opinion on rehearing.
As we view the Havis case, the discussion of pre-judgment interest, being a jury question and not in the trial court's authority unless reserved, was perhaps not necessary to the opinion. It appears to be a general discussion of law which was not given in support of the action taken. Also, if the court had not referred to "interest from the date of judgment," the follow-up correcting opinion of September 13, 1982 would not have been necessary at all.
In summary, we adhere to our opinion and judgment rendered on original hearing. The discussion of law contained in the Havis opinion in 664 F.2d 54 may be dicta insofar as that case is concerned, but we think it is nevertheless a correct statement of law which we must follow. Canova v. Travelers Insurance Company, supra.
In maritime cases the discretion to allow or disallow pre-judgment interest must be based on the circumstances of the particular case. This point is discussed in Barton v. Zapata Offshore Company, 397 F.Supp. 778 (E.D.La.1975) in which Judge Rubin referred to and quoted from Moore-McCormack Lines, Inc. v. Richardson, 295 F.2d 583 (2nd Cir.1961). In Noritake Co., Inc. v. M/V Hellenic Champion, 627 F.2d 724 (5th Cir.1980) the Fifth Circuit stated: "Whether such circumstances exist is a question of fact, and the standard to be applied is the `clearly erroneous' standard." In Barton v. Zapata Offshore Company (in which the parties agreed to submit the issue of pre-judgment interest to the court rather than the jury), the court denied pre-judgment damages. We quoted from that case in our opinion on original hearing. Here we take particular note of a portion of the quoted language:
"Furthermore, the reason given by the court in Moore-McCormack Lines, Inc. v. Richardson, supra, for denying a right to prejudgment interest in jury-tried Jones Act casesthat the jury considers the delay in making an awardwould apply *1185 with equal force to a jury-tried unseaworthiness claim. In sum, the plaintiff may not claim the benefits of a jury trial on an unseaworthiness claim completely merged with a Jones Act claim as to quantum and then attempt to unscramble the verdict after he prevails."
AFFIRMED ON REHEARING.

APPENDIX I
Text of opinion dated September 13, 1982, purporting to be an unpublished opinion by the United States Court of Appeal for the Fifth Circuit supplementing the opinion in Havis v. Petroleum Helicopter, Inc., 664 F.2d 54 (5th Cir.1981) which we include here, not as authority, but solely as information germane to our opinion on rehearing:
"It was clearly the intention of this court to allow the plaintiff interest on the judgment from the date of judicial demand at the rate of 7% per annum, reducing the interest rate from 10%, allowed by the district judge, to 7%, but making no other change in the judgment. Therefore, in the court's opinion, rendered per curiam, on December 14, 1981, the only change made in the judgment was to reduce the rate of interest. The purpose of the later per curiam, dated February 5, 1982, was to allow the defendant credit for the amount already paid, that is, interest at the rate of 7% per annum from the date of judgment. This left interest due and owing at the rate of 7% per annum from the date of judicial demand until the date of judgment. The trial court's later judgment, dated March 10, 1982, fixing interest at the rate of 7% per annum from date of judicial demand until paid was in conformity with the mandate of this court. Accordingly, the judgment is AFFIRMED."