hBAGNERIS, J.,
concurring in part; dissenting in part.
While I agree with the Majority that there is no error in the trial court’s decision on the merits of the plaintiffs claim, I disagree with the Majority opinion that the trial court erred in awarding prejudgment interest on a lump sum award.
The Supreme Court addressed the issue of prejudgment interest in Milstead v. Diamond M. Offshore, Inc., 676 So.2d 89 (La.1996):
An award of prejudgment interest in state maritime cases is substantive in nature such that federal law controls. Mihalopoulos v. Westwind Africa Line, 511 So.2d 771, 781 (La.App. 5th Cir. 1987); Morris v. Schlumberger, Ltd., 436 So.2d 1178, 1179 (La.App. 3d Cir.1983), writ denied, 441 So.2d 1221 (La.1983).
Under federal law, a plaintiffs entitlement to prejudgment interest in a maritime case depends upon the nature of his claim, particularly the basis from which the federal court derives its subject matter jurisdiction. Federal courts derive their maritime jurisdiction from either the constitutional and statutory grant of such power, referred to as “admiralty jurisdiction,” or from conventional sources such as diversity or federal question. THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW, § 3-2 (2d ed.1994); David G. Douglas, THE CURRENT STATUS OF THE AVAILABILITY OF PREJUDGMENT INTEREST IN ADMIRALTY, 17 Tul.Mar.L.J. 283 notes 6-13 (1993). If the court’s jurisdiction is based solely upon conventional sources, such as federal question, the court applies federal law with respect to awarding interest. Since the statute governing the payment of interest in civil cases in federal courts, 28 U.S.C. § 1961, provides that interest shall be calculated from the date of entry of the judgment, prejudgment interest is generally prohibited in such maritime cases. Theriot v. J. Ray McDermott & Co., 742 F.2d 877, 883 (5th Cir.1984); Douglas, supra note 16 (1993). As such, the courts have consistently ^refused to grant prejudgment interest on awards recovered under the Jones Act.
Nonetheless, there is an exception to this general rule. Even if the court hears a suit based solely upon federal question, it can sit in “admiralty” if the case is tried before a judge and not a jury. Thus, when an action is based strictly upon the Jones Act, prejudgment interest may be recovered as long as the case is tried to the court and the court exercises its admiralty jurisdiction. Martin v. Walk, Haydel & Associates, Inc., 794 F.2d 209 (5th Cir.1986); Williams v. Reading & Bates Drilling Co., 750 F.2d 487, 490-491 (5th Cir.1985). In the case at bar, the jury awarded prejudgment interest on the Jones Act award.
When prejudgment interest has been allowed in a maritime claim tried in state court under the Jones Act, the determination of whether to grant prejudgment interest has to be submitted to the jury. *693 Havis v. Petroleum Helicopters, Inc., 664 F.2d 54 (5th Cir.1981).
In the instant case, counsel for each respective party discussed the interrogatories with the court. The jury was given the interrogatories, in which they were asked to assess damages on a lump sum basis. Neither counsel objected to the charge of Interrogatories. Further, the interrogatories did not make a distinction between future damages and past damages.
Therefore, it is my opinion that the jurisprudence on prejudgment interest regarding past damages and future damages is not applicable to the facts of the instant case. The trial court did not apportion the sums awarded to the plaintiff. I would remand this case to the trial court for a division of the judgment into past and future damages. In the trial court’s discretion, prejudgment interest may be awarded only on past damages.