James C. **SHIVER**

v.

**BURNSIDE TERMINAL COMPANY** and **XYZ Insurance Company.**

**Civ. A. No. 74-2223.**

United States District Court, E. D. Louisiana.

Feb. 24, 1975.

Ungar, Dulitz, Jacobs & Manuel, Bruce W. Dinwiddie and Joseph E. Windmeyer, New Orleans, La., for plaintiff.

Phelps, Dunbar, Marks, Claverie & Sims, James B. Kemp, Jr., New Orleans, La., for Burnside Terminal and Argonaut.

Terriberry, Carroll, Yancey & Farrell, Francis Emmett, New Orleans, La., for Elevator & Transfer Co.

ALVIN B. RUBIN, District Judge.

In this case, the Captain of the M/V BARBARA H (owned by Getco and hereafter called the Getco ship) claims that he was injured when his vessel collided with the M/V DISPATCHER (under bare-boat charter to Burnside Terminal Co. and hereafter called the Burnside vessel). The Captain filed suit for personal injuries against Burnside only; Burnside then impleaded Getco by third-party complaint. Getco now asks leave to file a third-party complaint against Shiver, completing the circle. The plaintiff opposes this motion, and the Court has concluded that the opposition is well-founded.

■ Although Shiver's action against Burnside vessel arises out of a collision, it is nonetheless governed by the comparative negligence rules of apportionment according to degree of fault. Ahlgren v. Red Star Towing & Transportation Co., 2 Cir. 1954, 214 F.2d 618. Thus, Shiver will be able to recover from Burnside the percentage of his damages not attributable to his own negligence.

■ Burnside may then have a claim against Getco for injuries due to the collision, governed by the collision rules of damage apportionment—joint fault is apportioned on a fifty-fifty basis. See Gilmore and Black, Law of Admiralty at 396 (1957); Griffin on Collision § 245 (1949); see also Cooper Stevedoring v. Fritz Kopke, Inc., 1974, 417 U.S. 106, 94 S.Ct. 2174, 40 L.Ed.2d 694. Thus if Burnside may recover over against Getco, it may recover half of what it owes Shiver. But Burnside may recover over against Getco *only* if it can establish some basis for recovery other than the simple imputation of Shiver's negligence to Getco, his employer. This is true because the only damages Burnside has suffered are damages attributable to causes *other than* Shiver's negligence; that element has already been deducted from the damages due Shiver.

■ Even if Getco should be cast in judgment for half the amount due Shiver, no part of this amount will be attributable to Shiver's fault. If there was no negligence on Shiver's part, then there would be no occasion for Getco to look to him for contribution;[1] if he was wholly at fault, he would recover nothing and Burnside's claim against Getco would fall. And if he were partly at fault, the damages assessed would be reduced to take his fault into account. Under no circumstances on this set of facts can Getco be damaged by Shiver, since no part of its loss would be attributable to his negligence. In short, there is no way in which Getco can recover over against Shiver; to permit such a recovery would be twice to count his contributory negligence.

For these reasons, the motion for leave to file a third-party complaint against Shiver is denied.

1. The parties have not suggested that Getco would be liable for Burnside's costs of defense because of an "unfounded" claim brought by Shiver, a Getco employee. Even if Getco were liable for the costs of defense, no basis for a recovery over occurs readily to the Court, and counsel have suggested none.