Jerry Wayne **BARTON**, Plaintiff,

v.

**ZAPATA OFFSHORE COMPANY** and Cochran-Dean Company, Defendants.

Civ. A. No. 74–1205.

United States District Court, E. D. Louisiana.

July 8, 1975.

August J. Bubert, New Orleans, La., for plaintiff.

J. Walter Ward, Jr., New Orleans, La., for defendant Zapata Offshore Co.

Edward J. Koehl, Jr., New Orleans, La., for defendant Cochran-Dean Co.

**ALVIN B. RUBIN, District Judge:**

The plaintiff has moved that the judgment be amended to allow prejudgment of damages. For the following reasons, both motions are denied.

As is the usual case in the post-*Romero-Fitzgerald* era, the plaintiff sought a jury trial of both the Jones Act and unseaworthiness claims. The jury found that the defendant, Zapata Offshore Company, had been negligent and that this negligence had played a part in the plaintiff's injuries; in addition it found that the vessel had been' unseaworthy and that this condition had been a proximate cause of the injuries. Although jury charges were submitted by the plaintiff on the issue of interest, when a dispute arose about the propriety of letting the jury decide whether an award of interest was justified, the parties agreed to submit the matter to the court. The plaintiff has now moved the court to amend the judgment to allow for interest from the date of the accident.

█ The first reef the plaintiff must negotiate is a line of Fifth Circuit jurisprudence holding that prejudgment interest may not be awarded in Jones Act cases tried to a jury. Barrios v. Louisiana Construction Materials, 5 Cir. 1972, 465 F.2d 1157; Sanford Bros. Boats, Inc. v. Vidrine, 5 Cir. 1969, 412 F.2d 958. The plaintiff admits the existence of these cases, but claims their rule is inapplicable here, and presents two ingenious arguments to support his position.

The plaintiff first points to a cryptic footnote in the *Sanford* opinion: "Nothing said herein relates . . . to prejudgment interest awarded 'as part of the compensation to make the injured party whole.' Louisiana & Arkansas Railway Co. v. Export Drum Co., 5 Cir. 1966, 359 F.2d 311, 317; Moore-McCormack Lines, Inc. v. Amirault, 1 Cir. 1953, 202 F.2d 893, 895; Moore-McCormack Lines, Inc. v. Richardson, 2 Cir. 1961, 295 F.2d 583, 593, n.13, 96 A. L.R. 1085.[1] We write only of *interest on the judgment* in a Jones Act case at law." Sanford Bros. v. Vidrine, 5 Cir. 1969, 412 F.2d 958, 972, n.12.

But nothing in that opinion suggests that prejudgment interest is allowable as damages in a Jones Act case tried to a jury. Indeed, policy reasons have been advanced for denying prejudgment interest as moratory damages. In Moore-McCormack Lines, Inc. v. Richardson, 2d Cir. 1961, 295 F.2d 583, the court explained the reason for denying prejudgment interest *as damages* in Jones Act cases at law:

The first F.E.L.A. was enacted in 1906, when pre-judgment interest was generally limited to liquidated claims. This distinction was carried over into decisions under the Jones Act, perhaps with good reason in view of the latter statute's express incorporation of F. E.L.A. provisions. See 46 U.S.C.A. § 688. Both statutes provided for an

---

[1]. These cases do not support the position here taken by the plaintiff. The *L & A Railway Company* case involved a proceeding under the Interstate Commerce Act for a liquidated sum on which interest was held to be "a mandatory element of the damages." In *Amirault* the court denied prejudgment interest. It said, by a dictum not here applicable:

Wherever under the settled principles of general maritime law, as developed in the courts of admiralty, pre-decree interest is allowed as an element of damages on a particular type of maritime tort claim, it may be that if the injured party chooses to bring a civil action on such maritime tort on the law side of a federal or state court, under the so-called "saving clause", he should be entitled to recover by way of damages the same amount of interest. Cf. Doucette v. Vincent, 1 Cir., 1952, 194 F.2d 834, 838–839. That would be so if the recovery of such interest is regarded as of the substance of his maritime right, for, as pointed out above, regardless of the forum in which action is brought on a maritime claim, the substantive law to be applied is the general maritime law. 202 F. 2d at 898.

In *Richardson*, interest was allowed on a Death on the High Seas Act claim, an admiralty claim.

action at law, with right to trial by jury, although Jones Act suits could also be brought in admiralty. Both statutes envisaged a recovery for pain and suffering and for injuries to the date of trial and thereafter, the computation of interest on which might well be far more confusing to the average jury than to a judge. See National Airlines v. Stiles, supra, 268 F.2d 400 at 406. In any event, no one would be so naive as to suppose that juries do not throw into the scales the years that a plaintiff may have had to wait before his case can be heard by a jury. The practical reason why the courts in jury cases have refused to grant moratory interest may therefore be found in the judicial recognition that a jury usually makes some allowance for loss caused by delay. 295 F. 2d at 593–94.

This court is not free to decide, however, whether on principle prejudgment interest should or may be awarded in a jury-tried Jones Act case where the plaintiff has suffered by the delay in receiving compensation for his injuries; the issue has been decided recently and differently by the Fifth Circuit Court of Appeals, even if without discussion of the difference between "interest on the judgment" and "interest as damages." See, e.g., Canova v. Travelers Ins. Co., 5 Cir. 1969, 406 F.2d 410.

The Supreme Court's opinion in Fitzgerald v. United States Lines Co., 1963, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720, does not warrant an interest award here. Plaintiff's counsel contends *Fitzgerald* did not say that an unseaworthiness claim becomes a claim "at law" when joined with a Jones Act claim and sent to a jury; therefore the unseaworthiness claim should be governed by normal admiralty principles, which allow prejudgment interest to be awarded.

■ There might be merit to this analysis if either the jury had denied recovery under the Jones Act and found unseaworthiness, or if there were some *element* of admiralty damage not allowable under the Jones Act. But here the verdict found the employer liable under the Jones Act as well as the general maritime law; the elements and amounts of damage claimed were identical. If the court may not award prejudgment interest on the Jones Act claim, there is no separate "pure" admiralty item on which to allow interest. Furthermore, the reason given by the court in Moore-McCormack Lines, Inc. v. Richardson, *supra*, for denying a right to prejudgment interest in jury-tried Jones Act cases—that the jury considers the delay in making an award—would apply with equal force to a jury-tried unseaworthiness claim. In sum, the plaintiff may not claim the benefits of a jury trial on an unseaworthiness claim completely merged with a Jones Act claim as to quantum and then attempt to unscramble the verdict after he prevails.

Even if the court had discretion to award prejudgment interest, this does not seem to be a proper case for such an award. This suit was filed on May 2, 1974. It came to trial on May 5, 1975. There was no inordinate delay. Of the total verdict of $86,272, $57,072 was for loss of future wages; even if we assume that the jury found no future pain and suffering, most of the damages were not sustained prior to judgment. An award of prejudgment interest on these elements would be of course inappropriate. Accordingly, the motion to amend the judgment to award prejudgment interest is denied.

■ The plaintiff has also moved for a new trial on the issue of damages alone, claiming that the award of $15,000 for pain and suffering was grossly inadequate. This motion is obviously without merit; there was evidence that would support the view that the plaintiff's suffering was not intense. The jury's award was not parsimonious; indeed only a few years ago it might have appeared generous. Accordingly, this motion is also denied.