**RED STAR TOWING & TRANSPORTA-TION COMPANY, INC., Plaintiff,**

v.

**The CARGO SHIP "MING GIANT", Yangming Marine Transport Corp., Defendant.**

**In the Matter of Complaint of RED STAR TOWING & TRANSPORTATION COMPANY, INC., as owner of the TUG OCEAN KING for exoneration from or Limitation of Liability**

**Lorraine MOWEN as Administratrix of the Estate of Dennis Mowen, Plaintiff,**

v.

**YANGMING MARINE TRANSPORT CORP., and Red Star Towing & Transportation Company, Inc., Defendants.**

**Nos. 78 Civ. 2442 (PNL), 78 Civ. 5448 (PNL) and 78 Civ. 5537 (PNL).**

United States District Court, S.D. New York.

May 6, 1983.

See also 552 F.Supp. 367.

Fred J. Cuccia, Cuccia & Oster, New York City, for Lorraine Mowen.

James M. Leonard, Stephen J. Buckley, McHugh, Leonard & O'Conor, New York City, for Red Star Towing & Transp. Co.

Richard H. Brown, Jr., Harry A. Gotimer, Kirlin, Campbell & Keating, New York City, for Yangming Marine Transport Corp.

## ORDER

LEVAL, District Judge.

Yangming seeks a ruling that it has a right to contribution from Red Star for a portion of Yangming's liability to Lorraine Mowen. Mowen moves for prejudgment interest.

Yangming contends that Red Star owes it contribution to the extent that Red Star's employee Dennis Mowen was responsible for the collision. The jury's findings are explained in the opinion of December 3, 1982, at 552 F.Supp. 367, 370 (S.D.N.Y. 1982). In brief, the jury apportioned one-ninth of the responsibility for the collision to Dennis Mowen, the remainder to Yangming and assessed further responsibility against Red Star and Yangming for failure

to save Mowen after the collision. The jury held Mowen 5% responsible for his own death. Yangming argues that Mowen's fault must be imputed to his employer Red Star, and that Red Star must therefore contribute to Yangming's liability to Mowen.

■ Yangming is certainly entitled to contribution to the extent that it suffers liability by reason of the fault of Red Star's employee. However, as to the liability to Mowen's widow, Yangming will receive full credit for his negligence through reduction of the liability by the percentage attributable to his fault.

To give Yangming an additional right to contribution from Red Star for the percentage attributable to Mowen's negligence would be double counting. *See Shiver v. Burnside Terminal Co., Inc.*, 392 F.Supp. 1078 (E.D.La.1975) (Rubin, J.).

Yangming contends it is supported by the Fifth Circuit's decision in *Nutt v. Loomis Hydraulic Testing Co., Inc.*, 552 F.2d 1126 (5th Cir.1977). *Nutt* does indeed seem to support Yangming's position. But in my view, Judge Rubin's decision in *Shiver, supra,* and the dissenting opinion of Judge Hill in *Nutt,* correctly perceived the double counting and represent a better analysis. I do not believe *Nutt* is the law in this circuit.

Yangming also cites in support of its position cases allowing a shipowner contribution from a stevedore where the longshoreman was contributorily negligent. *E.g., King v. Deutsche Dampfs-Ges,* 523 F.2d 1042 (2d Cir.1975). Those cases concerned liability arising from a different basis, a special relationship including an implied contractual duty of the stevedore to the shipowner. *See Italia Societa v. Oregon Stevedoring Company,* 376 U.S. 315, 84 S.Ct. 748, 11 L.Ed.2d 732 (1964). As that relationship and duty are not present here, their reasoning is inapplicable. *See Nye v. A/S D/S Svendborg,* 501 F.2d 376, 380 (2d Cir.1974). Furthermore, those cases have been rendered obsolete by changes in the statutory law. Pub.L. 92–576, § 18(a), 86 Stat. 1263 (1972), *codified at* 33 U.S.C. § 905(b).

Yangming's motion for contribution is denied.

- - -

Plaintiff Mowen moves for prejudgment interest. She claims such interest from the date of judicial demand. Her principal argument is that the action was in admiralty, and that "[i]n admiralty, prejudgment interest is the rule rather than the exception," *McCormack v. Noble Drilling Corp.*, 608 F.2d 169, 175 (5th Cir.1979). Defendants argue that the action was at law, and that at law prejudgment interest is rarely awarded except on liquidated damages. *See Moore-McCormack Lines, Inc. v. Richardson,* 295 F.2d 583, 592–94 (2d Cir.1961).

■ Prejudgment interest divides into two primary categories, one often called moratory interest (or interest on the claim), the other being interest on the recovery. *See Barton v. Zapata Offshore Co.,* 397 F.Supp. 778 (E.D.La.1975) (Rubin, J.). Moratory interest is an element of damages which compensates the plaintiff for the time which has passed since he suffered his loss. *Moore-McCormack Lines, supra.* It would thus cover the period from the date of loss (or of judicial demand) to the verdict date. Interest on the recovery would accrue from the verdict date.

■ In my view the character of the loss suffered by plaintiff makes a subsequent addition of moratory interest inappropriate. All the damages awarded in this action were for future losses of support and nurture. Moratory interest is appropriate only as to losses suffered prior to the judgment. *Petition of Marina Mercante Nicaraguense, S.A.,* 248 F.Supp. 15, 25–26 and n. 22 (S.D.N.Y.1965) (Weinfeld, J.); *Nye v. A/S D/S Svendborg,* 358 F.Supp. 145, 153 (S.D.N.Y.1973). The vast majority of the yearly losses from Dennis Mowen's death have not yet been incurred.[1]

---

1. There is also authority to the effect that moratory interest should not be added by the court

to a jury verdict since it is assumed that the jury gave consideration to compensating the

Furthermore, the manner in which plaintiff's financial expert and counsel asked the jury to calculate "add-back", to reimburse her for income taxes to be paid, presupposed receipt of the funds at the end of the trial. See opinion of December 3, 1982, *supra,* 552 F.Supp. at 378–79, Tr. 6318. To award prejudgment interest from an earlier date would allow plaintiff to benefit doubly from inconsistent positions.

Interest from the verdict date stands on a more favorable footing. Nonetheless there are substantial reasons why that date is inappropriate. In the first place, the amount to which plaintiff is entitled as a verdict was not finally determined until long after the jury's verdict. Plaintiff was given a choice of *remittitur* or new trial by reason of the excessiveness of the jury's verdict and misconduct of plaintiff's former counsel. Plaintiff eventually chose on January 18, 1983, to accept the remittitur, which is the date at which time the amount of the award was determined. The substantial interval of time between the jury verdict and the present has been consumed primarily by painful proceedings involving three separate instances of misconduct by plaintiff's then counsel.

A further significant factor is that plaintiff is very well compensated by the award, even after giving effect to the court-ordered reduction.

I conclude that interest from the date of the jury verdict should be denied. I find it appropriate, however, to award interest from the date of plaintiff's acceptance of the remittitur. Interest shall be at 9%.

plaintiff for delay. *Newburgh Land & Dock Co. v. Texas Co.,* 227 F.2d 732, 735 (2d Cir. 1955) (L. Hand, J.); *Havis v. Petroleum Helicopter, Inc.,* 664 F.2d 54 (5th Cir.1981); *Robinson v. Pocahontas, Inc.,* 477 F.2d 1048, 1052–53 (1st Cir.1973). *See also Moore-McCormack Lines, supra,* 295 F.2d at 594; *Barton v. Zapata Offshore Co.,* 397 F.Supp. 778, 780 (E.D.La. 1975) (Rubin, J.).