Magnus DOMANGUE, Jr.,
Plaintiff-Appellee,

v.

PENROD DRILLING COMPANY,
Defendant-Appellant.

Sandra K. DOMANGUE,
Plaintiff-Appellee,

v.

PENROD DRILLING COMPANY,
Defendant-Appellant.

No. 84–3187.

United States Court of Appeals,
Fifth Circuit.

Dec. 17, 1984.

Rehearing Denied Jan. 17, 1985.

· Abbott, Webb, Best & Meeks, Daniel A. Webb, Michael G. Cordes, New Orleans, La., for defendant-appellant.

St. Martin & St. Martin, Michael X. St. Martin, Denis J. Gaubert, III, Danny J. Lirette, Houma, La., for plaintiffs-appellees.

Before GEE, JOHNSON, and DAVIS, Circuit Judges.

PER CURIAM:

Magnus Domangue, Jr., brought suit against his employer, Penrod Drilling Company, and its insurers, American International Underwriters, International Union Fire Insurance Company, and State of Pennsylvania Insurance Company for personal injuries suffered as a result of an accident aboard Penrod Drilling Barge 46, claiming under the Jones Act, 46 U.S.C. § 688, for negligence and under the general maritime law for unseaworthiness. Domangue's wife, Sandra, filed a separate suit against the same defendants claiming loss of consortium, loss of society, and loss of services as a result of her husband's injuries. The two actions were consolidated for trial by jury. The jury returned a verdict in favor of the plaintiffs, awarding $400,000 to Magnus Domangue and $50,000 to Sandra Domangue. In entering judgment on the jury's verdict, the district court *sua sponte* ordered that interest on each judgment run from the date of the accident through the date of payment. The defendants' subsequent motion to alter or amend the judgment to provide that no prejudgment interest be awarded was denied by the court. This appeal followed. Finding the award of prejudgment interest improper, we reverse and remand.

 Courts have generally recognized that the award of prejudgment interest may be appropriate in Jones Act cases tried in admiralty. *E.g., Sanford Bros. Boats, Inc. v. Vidrine,* 412 F.2d 958, 972–73 (5th Cir.1969). Further, when a Jones Act claim is tried jointly with a maritime claim before a judge, prejudgment interest may be awarded at the judge's discretion. *See Ceja v. Mike Hooks, Inc.,* 690 F.2d 1191, 1196 (5th Cir.1982). It is equally well established in this Circuit that prejudgment interest is not available in Jones Act cases tried at law. *Barrios v. Louisiana Construction Materials Co.,* 465 F.2d 1157 (5th Cir.1972); *Vidrine,* 412 F.2d at 972–73.

Until recently, however, this Court had not directly addressed the question of the availability of prejudgment interest in Jones Act cases at law in which the plaintiff has raised both Jones Act and maritime claims arising out of the same facts. In *Wyatt v. Penrod Drilling Co.,* 735 F.2d 951 (5th Cir.1984), a maritime personal injury case, the plaintiff claimed Jones Act negligence and vessel unseaworthiness. After a jury verdict in his favor, Wyatt moved for an award of prejudgment interest, which the court denied. On appeal, Wyatt argued that he was entitled to prejudgment interest as provided by Louisiana law. This Court held that although Wyatt had invoked both admiralty and diversity jurisdiction, the case was governed by federal maritime law. *Id.* at 955. In approving the district court's application of federal law, this Court stated:

> Lacking guidance from this court, the trial judge relied on ... *Barton v. Zapata Offshore Co.,* 397 F.Supp. 778 (E.D. La.1975). In *Barton,* ... the plaintiff moved for an amended judgment reflecting an award of prejudgment interest. The elements of the maritime and Jones Act negligence claims were identical, and the jury's answers to special interrogatories did not reveal any basis for holding that some of the damages were in compensation for the admiralty claim alone. [The Court] held that, since [it] was prohibited by *Barrios* and *Sanford Bros.* from awarding prejudgment interest on the damages awarded by a jury under the Jones Act, and since [it] could not determine which, if any, of the damages related to the maritime claim only, [it] could not award prejudgment interest at

all: "If the court may not award prejudgment interest in the Jones Act claim, there is no separate 'pure' admiralty item on which to allow interest."

*Id.* at 956. The *Wyatt* Court went on to adopt the *Barton* court's "resolution of the problems created by our somewhat conflicting precedents." *Id.*

 As in *Wyatt* and *Barton*, the special interrogatories propounded in the instant case provide no basis for determining which portion of the damage award, if any, is attributable to unseaworthiness rather than Jones Act negligence.[1] The award of prejudgment interest against the defendants was therefore improper.

Accordingly, the award of prejudgment interest is reversed and the cause is remanded for the entry of judgment in accordance with this opinion.

REVERSED AND REMANDED.

1. We do not suggest that the jury should always be asked to determine the extent of damages attributable to negligence as opposed to unseaworthiness. Usually a plaintiff who seeks recovery under the Jones Act and general maritime law for injuries sustained in a single accident has no basis for apportioning his damages between each theory of recovery. The trial court may exercise its discretion to award prejudgment interest only when a pure admiralty item of damage—such as damages caused by unseaworthiness—can be isolated and thus identified in the verdict. In the absence of such a determination, no prejudgment interest may be awarded.