**Paul William HARMS**

v.

**MAERSK DUTCH SWEEDEN, LTD.**
**Steamship Company, et al.**

Civ. A. No. 83–28–B.

United States District Court,
M.D. Louisiana.

Feb. 20, 1985.

Edward O. Taulbee, IV, Lafayette, La., for plaintiff.

Charles J. Foret, Jeansonne, Briney & Goudelocke, Lafayette, La., for intervenor.

William E. Wright, New Orleans, La., F.W. Middleton, Jr., Baton Rouge, La., for defendants.

POLOZOLA, District Judge.

This matter is before the Court on plaintiff's motion to amend the judgment to add pre-judgment interest. No oral argument is required on this motion.

Plaintiff, Paul William Harms ("Harms") brought this suit against Maersk Dutch Sweeden, Ltd. Steamship Company and the M/V Niels Maersk ("Maersk") seeking damages for personal injuries sustained while disembarking from the defendant vessel. Federal court jurisdiction[1] was based upon diversity of citizenship[2] and, alternatively, upon a maritime claim[3] under § 905(b) of the Longshoremen's and Harbor Workers' Compensation Act.[4]

On November 27, 1984, a jury returned a verdict in favor of the plaintiff in the sum of $150,000.[5] Plaintiff's award was reduced to $90,000 due to a finding by the jury that Harms was 40% contributorily negligent. This award was *in globo* and included past, present and future damages. Judgment was entered in accordance with the jury's verdict on December 4, 1984. No pre-judgment interest was included in the judgment.

Harms now seeks to amend the judgment to add pre-judgment interest from the date of judicial demand to the date the verdict was rendered. In support of his motion, Harms cites the general law that prejudgment interest should be allowed in cases in admiralty unless the court, in its discretion, finds "peculiar circumstances" warranting denial of such interest. *Noritake Co. v. M/V Hellenic Champion*, 627 F.2d 724, 728 (5th Cir.1980); *Masters v. Transworld Drilling Co.*, 688 F.2d 1013 (5th Cir.1982). Maersk has filed an opposition to plaintiff's motion and relies on many recent decisions rendered by the Fifth Circuit Court of Appeals which refused to allow pre-judgment interest in Jones Act cases tried to juries. Maersk states that these cases are "precisely analogous" to the case at bar, and thus, no pre-judgment interest should be awarded in a § 905(b) case tried to a jury. This Court agrees.

■ The law is well settled that there is no recovery of pre-judgment interest in a Jones Act case tried on the law side of federal court, *i.e.*, before a jury.[6] *Williams v. Reading & Bates Drilling Co.*,

---

1. The amended pretrial order filed by the parties provides: "1. *JURISDICTION.* Jurisdiction was founded by counsel for all parties and by the Court to be present under the provisions of 28 U.S.C.A. § 1332, 33 U.S.C.A. § 901, et seq., more specifically Section 905(B) and the General Maritime Law."

2. 28 U.S.C. § 1332.

3. 28 U.S.C. § 1333.

4. 33 U.S.C. § 901, *et seq.*

5. The case was submitted to the jury on the following interrogatories:
   1. Was the Defendant negligent?
   2. If your answer to Question 1 is yes, was the Defendant's negligence a proximate cause of the accident?
   If your answers to Questions 1 and 2 were yes, please answer the following questions:
   3. Was the Plaintiff, Paul William Harms, negligent?
   4. If your answer to Question 3 is yes, was the Plaintiff's negligence a proximate cause of the accident?
   5. If your answer to Questions 3 and 4 are yes, what part, if any, stated as a percentage, did Plaintiff's own negligence play in causing his injury?
   6. What amount of damages, if any, is the Plaintiff entitled to recover without any reduction for any negligence which you may find on the Plaintiff's part?

6. There is dicta in some cases which indicates that if the plaintiff raises a Jones Act claim and a maritime claim (*e.g.*, unseaworthiness) arising from the same facts, pre-judgment interest may be awarded only on the damages related to the maritime claim, and then only if the jury specifies which damages are attributable to the maritime claim. *Domangue v. Penrod Drilling Co.*, 748 F.2d 999 (5th Cir.1984), *Wyatt v.Penrod Drilling Co.*, 735 F.2d 951 (5th Cir.1984); *Barton v. Zapata Offshore Co.*, 397 F.Supp. 778 (E.D.La. 1975). Harms abandoned his unseaworthiness claim prior to trial; unseaworthiness was neither included in the contested facts in the pretrial order, nor was it argued to the jury. Plain-

750 F.2d 487, 491 (5th Cir.1985); [7] *Theriot v. J. Ray McDermott & Co.*, 742 F.2d 877, 883 (5th Cir.1984); *Wyatt v. Penrod Drilling Co.*, 735 F.2d 951, 955 (5th Cir.1984); *Sanford Bros. Boats v. Vidrine*, 412 F.2d 958, 972–73 (5th Cir.1969). Several reasons have been set forth by the courts for this rule. Some courts rely on 28 U.S.C. § 1961,[8] which mandates payment of interest only from the date of entry of judgment in cases based on federal law. *Duvernay v. Alcoa Steamship Co.*, 217 F.Supp. 698, 700 (E.D.La.1963). Other courts have noted that in personal injury cases, unlike collision or wrongful death cases, a substantial portion of the award is for future losses, upon which pre-judgment interest is never recoverable. *Wyatt v. Penrod Drilling Co.*, 735 F.2d at 955 n. 3; *Barrios v. Louisiana Construction Materials Co.*, 465 F.2d 1157, 1168 (5th Cir. 1972).[9] In *Wyatt*, the court stated:

> A primary reason for this rule, especially in personal injury cases, is that a large component of the damage award generally is attributable to future lost wages and future medical expenses. Prejudgment interest is not necessary to compensate the plaintiff for losses which have not accrued at the time judgment is entered.

tiff's case, based solely on § 905(b) and tried before a jury, clearly was "at law" and not "in admiralty."

7. In *Williams,* the court made a clear distinction between Jones Act cases tried under the admiralty side of the court without a jury and cases tried to a jury:
> We hold, therefore, that when a Jones Act claim is brought under the court's admiralty jurisdiction, and hence the case is tried to the court and *not to the jury* the allowance of prejudgment interest is within the discretion of the trial court even if there is not a finding of unseaworthiness. 750 F.2d at 491. (Emphasis supplied)

8. 28 U.S.C. § 1961 provides:
> Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at the rate allowed by State law.

Finally, some courts have set forth a practical reason for denying prejudgment interest. Courts have recognized that the jury is aware of the delays the plaintiff has encountered in bringing his case to trial, and consequently some allowance is made by the jury for such losses when it determines the amount of the award. *Sanford Bros. Boats v. Vidrine*, 412 F.2d 958, 973 n. 13 (5th Cir.1969), quoting *Moore-McCormack Lines v. Richardson*, 295 F.2d 583, 593–94 (2d Cir.1961).

Each of the above reasons for denying pre-judgment interest in a Jones Act case tried to a jury is equally applicable to a § 905(b) action tried to a jury. The § 905(b) claim is based upon federal law, and future losses constitute a substantial portion of the damages claimed by the plaintiff. Even if the amount of pre-judgment interest was discretionary with the court in a § 905(b) action tried to a jury, the court would not award prejudgment interest under the facts of this case.[10] There was a genuine dispute regarding the ultimate liability of the defendant.[11] Plaintiff received an award which was substantially less than he originally claimed. Indeed, the jury in this case found that plaintiff's own negligent acts caused the accident.[12]

9. The court also noted in *Barrios* that due to the amount of damages for future losses included in the judgment, it was "highly unlikely" that prejudgment interest would have been awarded, even had the case been tried on the admiralty side of the court. *Barrios, supra,* at 1168.

10. In *Mecom v. Levingston Shipbuilding Co.*, 622 F.2d 1209, 1217 (5th Cir.1980), the Fifth Circuit listed the following circumstances which the court should consider in determining whether to award pre-judgment interest: plaintiff's delay in bringing the suit; the existence of a genuine dispute regarding ultimate liability or the complexity of the factual and legal issues to be resolved; and, judgment in an amount substantially less than claimed.

11. *See Dow Chemical Co. v. Dixie Carriers,* 463 F.2d 120 (5th Cir.1972).

12. In *Ceja v. Mike Hooks, Inc.,* 690 F.2d 1191 (5th Cir.1982), the court stated: "In the proper case, a high degree of contributory negligence might well be considered by the district court in invoking its discretion to deny prejudgment interest." *Ceja* at 1197. *See also Inland Oil and Transport Co. v. Ark-White Towing,* 696 F.2d 321 (5th Cir.1983).

Furthermore, even in a non-jury trial, pre-judgment interest may not be awarded with respect to future damages. *Williams v. Reading & Bates Drilling Co., supra,* 750 F.2d at 491; *Wyatt v. Penrod Drilling, supra,* 735 F.2d at 956 n. 4. The jury's damage award in this case was not itemized. It is important to note that plaintiff did not request a special jury instruction or special interrogatory to the jury dividing the jury award into past, present and future damages.[13] Based on these considerations, the court finds that even if it had the authority to award pre-judgment interest herein, the court would not do so under the peculiar facts of this case.

Therefore:

IT IS ORDERED that the motion of Paul Harms to amend the judgment to add pre-judgment interest be, and it is hereby DENIED.

---

13. *See Domangue v. Penrod Drilling Co.,* 748 F.2d 999, 1001 (5th Cir.1984); *Wyatt v. Penrod Drilling Co.,* 735 F.2d 951, 956 (5th Cir.1984); *Barton v. Zapata Offshore Co.,* 397 F.Supp. 778 (E.D.La.1975).