TIO MARIO, INC., and the F/V "TIO MARIO", Appellants,

v.

Jose Jesus MATOS, Appellee.

No. 13–88–506–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1989.

Rehearing Denied Oct. 12, 1989.

Dennis Sanchez, Sanchez, Whittington & Sanchez, Brownsville, for appellant.

Ray R. Marchan, Law Offices of Warren L. Eddington, Brownsville, for appellee.

Before UTTER, SEERDEN and DORSEY, JJ.

## OPINION

UTTER, Justice.

Jose Jesus Matos, appellee, brought suit against Tio Mario, Inc., and the vessel F/V "Tio Mario", appellants, for injuries he allegedly sustained while working on board the F/V "Tio Mario." A jury found that appellee was injured while working in the course of his employment on the Tio Mario, that the Tio Mario's negligence in providing inadequate paint for the deck surface area was the producing cause of appellee's injuries, and that appellee was acting under specific orders when he was injured. The jury further found that the vessel F/V "Tio Mario" was not unseaworthy at the time of the accident and that 50% of appellee's own negligence proximately caused his injuries. The trial court thereafter rendered judgment awarding appellee the full amount of the damages assessed by the jury, plus

pre-judgment interest. We affirm the judgment of the trial court as reformed.

By their first point of error, appellants contend that the trial court erred in submitting special issue no. 6 to the jury which states as follows: "Do you find that [appellee] was acting under specific orders at the time of the occurrence in question?" Appellants argue that there was either no evidence or insufficient evidence to show that appellee was acting under specific orders at the time of the accident. Appellants complain that they were harmed because the trial court, relying on the jury's finding on that special issue, refused to reduce appellee's award by the fifty percent attributed to appellee's negligence.

■■■ Appellee argues that appellant failed to preserve error by failing to submit a substantially correct jury question in accordance with Tex.R.Civ.P. 273, 276, and 278. We find that appellee's contention is erroneous. First, appellee carried the burden of proof on this issue and appellants, to preserve error, were only required to timely object in the trial court. Second, appellants were not and are not presently objecting to the form of the special issue. They are objecting to the fact that there is no evidence to support the submission of such an issue. We further note that appellants preserved error on their no evidence point by timely objecting on this basis in their motion for judgment non obstante verdicto. Tex.R.Civ.P. 279 expressly states that such a claim may be made in the trial court for the first time after the verdict has been delivered. We conclude, therefore, that appellants have properly preserved error.

■■■ A trial court may not refuse to submit an issue merely because the evidence was insufficient to support a judgment; rather, a trial court may only refuse to submit an issue if there is no evidence to warrant its submission. *Brown v. Goldstein*, 685 S.W.2d 640, 641 (Tex.1985). A trial court is required to submit a relevant special issue if there is any evidence to support it. *Hylander v. Groendyke Transport, Inc.*, 732 S.W.2d 692, 694 (Tex. App.—Corpus Christi 1987, writ ref'd n.r. e.). Although the 1988 amendments to

Tex.R.Civ.P. 279 altered the former rule by changing the word "insufficient" to read "legally and factually insufficient," we find that the legislative history unambiguously shows that no change in the rule was intended. *Smith v. Christley*, 755 S.W.2d 525, 528-29 (Tex.App.—Houston [14th Dist.] 1988, writ denied); Muldrow, *Preserving Error in the Charge*, in State Bar of Texas, Advanced Appellate Practice Manual D-14 (1987).

The record reveals that appellant was injured while he was working as a rigger on the Tio Mario. A rigger looks after the nets, assists in repairing mechanical problems with the engines, and performs most of the physical work on board the vessel. Appellant testified he was injured while he was following the captain's specific orders that he pick up the equipment and tie up the lazy line because they were going into port. Appellant thereafter slipped on the deck and struck his back on the corner of the dip tank while performing these duties.

■■■ A seaman may not be contributorily negligent for carrying out orders that result in his own injury, even if he recognizes possible danger. *See William v. Brasea*, 497 F.2d 67, 73 (5th Cir.1974), cert. denied, 423 U.S. 906, 96 S.Ct. 207, 46 L.Ed.2d 136 (1975); *Darlington v. National Bulk Carriers*, 157 F.2d 817, 819-20 (2nd Cir.1946); *see also Hall v. American Steamship Co.*, 688 F.2d 1062, 1065-66 (6th Cir.1982). On the other hand, such negligence may be considered under the comparative negligence doctrine to mitigate the damages when the seaman has breached a slight duty of care to protect himself. *Bobb v. Modern Products, Inc.*, 648 F.2d 1051, 1056-57 (5th Cir.1981); *Allen v. Seacoast Products, Inc.*, 623 F.2d 355, 362 (5th Cir.1980); *Spinks v. Chevron Oil Co.*, 507 F.2d 216, 223 (5th Cir.1975). Appellants, however, have not, in this appeal, challenged whether appellee failed to exercise a slight duty of care. We hold, therefore, that there is some evidence to show that appellee was following specific orders at the time he was injured and that the trial court did not err in submitting special issue

no. 6 to the jury. We overrule appellants' first point of error.

By their second point of error, appellants contend the trial court erred in awarding pre-judgment interest to appellee. Appellee has conceded error. We have carefully reviewed the record and have arrived at a similar conclusion. *See Williams v. Reading & Bates Drilling Co.*, 750 F.2d 487, 491 (5th Cir.1985); *Theriot v. J. Ray McDermott & Co.*, 742 F.2d 877, 883 (5th Cir.1984); *Havis v. Petroleum Helicopters, Inc.*, 664 F.2d 54, 55 (5th Cir.1981); *see also Monessen Southwestern Railway Co. v. Morgan*, 486 U.S. 330, 108 S.Ct. 1837, 1842-44, 100 L.Ed.2d 349 (1988). We sustain appellants' second point of error.

By their third point of error, appellants contend the trial court erred in granting judgment against the vessel "Tio Mario." Appellants complain that the vessel was never served, never accepted or waived process, and never made an appearance in this proceeding. Appellants further argue that since the jury was instructed that " 'Tio Mario' means Tio Mario Incorporated for purposes of this charge," the jury was thereby precluded from finding any liability against the vessel.

■ Appellee states in his brief that "immediately after signing notice of appeal [he] acquiesced that ... no judgment should be rendered against the vessel 'Tio Mario'." The record is otherwise silent in this regard and appellants' contentions under his third point of error are all being raised for the first time on appeal. We conclude, however, that since the appellee apparently conceded error in the trial court, the award against the vessel "Tio Mario" should be deleted from the final judgment.

The judgment of the trial court is REFORMED to delete both the award of pre-judgment interest and the award of damages against the F/V "Tio Mario." As reformed, the judgment is otherwise AFFIRMED.