Jesus Lopez **CANO**, Appellant,

v.

**GONZALEZ TRAWLERS, INC.**, et al., Appellees.

No. 13–90–001–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 6, 1990.

---

Ray R. Marchan, Law Offices of Warren L. Eddington, Brownsville, for appellant.

Dennis Sanchez, Sanchez, Whittington, Janis & Russell, Brownsville, for appellees.

Before NYE, C.J., and DORSEY and KEYS, JJ.

## OPINION

NYE, Chief Justice.

This is a maritime personal injury case. Appellant, Jesus Lopez Cano, sued appellees, Gonzalez Trawlers, Inc., and its vessel, the M/V "Compadre", to recover damages for injuries which he allegedly received while employed as a seaman on the M/V "Compadre". Appellant sought recovery under the Jones Act, 46 U.S.C.App. § 688 (1975),[1] and under general maritime law, involving negligence and unseaworthiness. He also sought maintenance and cure benefits. The trial court entered judgment favorable to appellant for $9,197.53 in past unpaid cure benefits and for $9,060.00 in maintenance payments. The trial court did not award prejudgment interest. By a single point of error, appellant complains that the trial court erred in failing to submit a special issue question concerning whether he should be awarded prejudgment interest on damages recovered under the general maritime law.

By their first cross-point, appellees complain that the trial court erred in granting judgment against the M/V "Compadre". By their second and third cross-points, appellees complain that the trial court erred in granting maintenance and cure benefits. We modify the trial court's judgment, and as modified, we affirm.

Appellant alleges the following: Appellee, Gonzalez Trawlers, Inc., employed appellant aboard its vessel, the M/V "Compadre". On or about July 13, 1985, the vessel's rigman ordered him to help put the anchor into the water. Appellant was holding the anchor with his hands and against his stomach when, without warning, the rigman let go of the rope and "it struck [appellant's] stomach and other parts of the body with the anchor."

Appellant filed suit alleging that his injuries resulted from either the negligence of Gonzales Trawlers, Inc., its master, agents, servants, and employees, and/or because of the vessel's unseaworthy condition. After the conclusion of all of the evidence, the jury found that the vessel's unseaworthiness, if any, was not a proximate cause of appellant's injury. The jury further found that Gonzalez Trawlers' negligence, if any, was not a contributing cause of appellant's injury.

Appellant's only complaint was that the trial court erred in failing to submit a special question concerning whether he should be awarded prejudgment interest on damages recovered under the general maritime law. Appellant submitted the following special question to the trial court: "Do you find from a preponderance of the evidence that prejudgment interest should be paid Jesus Lopez Cano for any damages suffered in the past?" The trial court refused.

In a maritime personal injury case brought under the Jones Act, federal law (not state) governs the plaintiff's entitlement to prejudgment interest. *Wyatt v. Penrod Drilling Co.*, 735 F.2d 951, 955 (5th

1. The Jones Act permits a seaman plaintiff to sue for death or personal injury either in a federal court under admiralty jurisdiction or in a state or federal court under legal jurisdiction, if the seaman meets other jurisdictional requirements. *See generally* G. Gilmore and C. Black, *The Law of Admiralty,* 340–43 (2d ed.1975).

Cir.1984);[2] *Maritime Overseas Corp. v. Narvaez*, 728 S.W.2d 924, 926 (Tex.App.—Houston [1st Dist.] 1987, no writ). In this connection, the Fifth Circuit has said that prejudgment interest is not recoverable in Jones Act cases tried to a jury. *Simeon v. T. Smith & Son, Inc.*, 852 F.2d 1421, 1435 (5th Cir.1988); *Wyatt*, 735 F.2d at 955; *Barrios v. Louisiana Construction Materials Co.*, 465 F.2d 1157, 1168 (5th Cir. 1972); *Sanford Brothers Boats, Inc. v. Vidrine*, 412 F.2d 958, 972–73 (5th Cir. 1969). A principal reason for this rule, especially in personal injury cases, is that a large damage award component generally is attributable to future lost wages and future medical expenses. Prejudgment interest is not necessary to compensate the plaintiff for losses which have not yet accrued at the time judgment is entered. *See Barrios*, 465 F.2d at 1168.

When a recovery is based on both a Jones Act claim and an unseaworthiness claim, the plaintiff is not entitled to any prejudgment interest "unless the jury apportions the damages between the Jones Act claim and the unseaworthiness claim." *McPhillamy v. Brown & Root, Inc.*, 810 F.2d 529, 531–32 (5th Cir.1987). If the jury apportions damages, the plaintiff could, in such a case, receive prejudgment interest on the unseaworthiness award, but not on the Jones Act award. *McPhillamy*, 810 F.2d at 532. Usually, a plaintiff who seeks recovery under the Jones Act and general maritime law for injuries sustained in a single accident has no basis for apportioning his damages between each theory. The trial court may exercise its discretion to award prejudgment interest only when a pure admiralty item of damage—such as unseaworthiness damages—can be isolated and thus identified in the verdict. Absent this determination, no prejudgment interest may be awarded. *Domangue v. Penrod Drilling Co.*, 748 F.2d 999, 1001 n. 1 (5th Cir.1984).

In the instant case, the jury was asked, "Was the unseaworthiness, if any, of the Compadre a proximate cause of Mr. Cano's [appellant's] injury?" The jury answered "no". Therefore, no damage award was made under the general maritime law, and appellant's recovery of damages was based solely upon the Jones Act. Under these circumstances, federal law does not provide for an award of prejudgment interest. *Wyatt*, 735 F.2d at 955; *Narvaez*, 728 S.W.2d at 926.

A maritime personal injury plaintiff may recover prejudgment interest on his award for maintenance and cure. *Turner v. Inland Tugs Co.*, 689 F.Supp. 612, 616 (E.D. La.1988). When the maritime plaintiff seeks maintenance and cure in a jury-tried case, his entitlement to prejudgment interest is a factual question to be submitted to the jury. *See Morales v. Garijak, Inc.*, 829 F.2d 1355, 1361 (5th Cir.1987) (The appellate court held that the trial court lacked authority to award prejudgment interest to a seaman found to be entitled to maintenance and cure where a factual question of entitlement to such interest was not submitted to the jury.). In such a situation, a trial court is required to submit a relevant special question if any evidence exists to support submission. *Tio Mario, Inc. v. Matos*, 778 S.W.2d 529, 531 (Tex.App.—Corpus Christi 1989, writ denied). In the instant case, the complete statement of facts was not filed with this court. Thus, we cannot determine if there was any evidence existing to support the submission of appellant's special question. We hold that the trial court did not err in failing to submit appellant's special question to the jury.

■ By their first cross-point, appellees complain that the trial court erred in granting judgment against the M/V "Compadre" because it was not served. Appellant sued Gonzalez Trawlers, Inc., and the M/V "Compadre". The trial court's "FINAL

---

**2.** In *Wyatt*, a maritime personal injury case, the plaintiff claimed Jones Act negligence and vessel unseaworthiness. After a jury verdict in his favor, Wyatt moved for an award of prejudgment interest, which the trial court denied. On appeal, Wyatt argued his entitlement to prejudg-

ment interest which Louisiana law provided. The Fifth Circuit held that although Wyatt had invoked both admiralty and diversity jurisdiction, federal law governed the case. *Wyatt*, 735 F.2d at 955.

JUDGMENT" indicates that appellant is entitled to recover damages against Gonzalez Trawlers, Inc., and the M/V "Compadre".

Although this point is not raised in its cross-point, we must address a jurisdictional defect. A seaman may sue a vessel *in rem* to recover maintenance and cure. *Baker v. Raymond International, Inc.*, 656 F.2d 173, 185 (5th Cir.1981). The Fifth Circuit has held that a maritime action brought against a vessel *in rem* falls within the exclusive admiralty jurisdiction of the federal courts. *Durden v. Exxon Corp.*, 803 F.2d 845, 849 (5th Cir.1986); *T.N.T. Marine Service, Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 587 (5th Cir.1983), *cert. denied*, 464 U.S. 847, 104 S.Ct. 151, 78 L.Ed.2d 141 (1983); *Powell v. Offshore Navigation, Inc.*, 644 F.2d 1063, 1065 n. 3 (5th Cir.1981), *cert. denied*, 454 U.S. 972, 102 S.Ct. 521, 70 L.Ed.2d 391 (1981). Consequently, a cause of action against a vessel *in rem* does not exist in state court. The cross-point is sustained. The trial court's judgment is modified to delete appellant's purported recovery damages from the M/V "Compadre". Tex.R.App.P. 80(b)(2).

■ By their second cross-point, appellees complain that the trial court erred when it rendered judgment granting maintenance and cure benefits because appellant failed to secure an affirmative finding to a special issue which inquired whether he injured his back while in the vessel's service. By their third cross-point, appellees complain that appellant did not submit special questions concerning the amounts of maintenance and cure benefits which he was entitled to receive. Tex.R.Civ.P. 278 (emphasis ours) provides, in pertinent part:

> Failure to submit a question shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment; *provided, however, that objection to such failure shall suffice in such respect if the question is one relied upon by the opposing party.*

According to rule 278, appellees, prior to the submission of the charge, had the burden to lodge an objection to appellant's failure to submit these special questions. No record of the charge hearing was brought forward. A ruling is also required to preserve error. *See* Tex.R.App.P. 52(a). Therefore, nothing is preserved for our review.

The trial court's judgment is modified to delete appellant's entitlement to recover damages against the M/V "Compadre". As modified, the trial court's judgment is AFFIRMED.

DORSEY, Justice, concurring.

I agree with the conclusion reached by the majority but I disagree with the analysis employed in addressing several points.

Appellant's first point of error is that the trial court erred in failing to submit the question of awarding interest on maintenance and cure to the jury. Although several causes of action were asserted by appellant-plaintiff, including Jones Act negligence and unseaworthiness under the general maritime law, the only one on which he recovered was for maintenance and cure, a traditional admiralty remedy afforded to seamen injured in the service of the vessel regardless of its seaworthiness.

The majority is in error when it states on page 4 and 5 of the opinion: "Therefore, no damage award was made under the general maritime law, and appellant's recovery of damages was based solely upon the Jones Act." In fact, the sole recovery was for maintenance and cure, a maritime remedy. I do agree that the question of entitlement to interest on maintenance and cure is one of fact under the federal maritime system, thus requiring some evidence to justify submitting it to the jury.

Cross–Appellant's first cross-point of error contends the vessel is not a proper party to the action because there was no service of process on the vessel, that being a requisite for *in rem* jurisdiction to attach. The majority views the point as disputing the propriety of *in rem* jurisdiction in state courts, and holds that state courts

have no *in rem* maritime jurisdiction, *in rem* being exclusively a matter for the federal courts.

While the conclusion the majority reaches, that the federal courts may have maritime *in rem* jurisdiction to the complete exclusion of the state courts, may be correct, that conclusion is not supported by the cases cited by the majority nor was the question briefed by either party. The two cited cases are: *Durden v. Exxon Corp.*, 803 F.2d 845, 849 (5th Cir.1986), and *T.N.T. Marine Serv., Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 587 (5th Cir.1983), *cert. denied*, 464 U.S. 847, 104 S.Ct. 151, 78 L.Ed.2d 141 (1983). In each case the plaintiff brought an action sounding in two jurisdictional bases for the Federal District Court: diversity of citizenship and maritime. Each jurisdictional base gives rise to different procedures and laws. On the diversity side the applicable substantive law is the law of the state and one is entitled to trial by jury. When one sues on the admiralty side, the federal substantive maritime law prevails and there is no traditional right to a jury in maritime cases. The Fifth Circuit held in both cited cases that when the plaintiff chooses to sue a vessel *in rem*, the exclusive jurisdiction is maritime and not diversity. In neither case was the question whether a state court had jurisdiction over a vessel.

In the absence of a point of error before us challenging whether a state court may exercise *in rem* jurisdiction over a vessel and appropriate briefing, I am reluctant to so hold. I therefore do not join the majority in its conclusion that a Texas court may not exercise *in rem* jurisdiction over a vessel under the maritime law.